FILED
U.S. DIST. COURT
MIDDLE DIST. OF LA.
2006 JUN 16 PM 1:27
SIGN_____
by DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ENTERTAINMENT SOFTWARE ASSOCIATION AND ENTERTAINMENT MERCHANTS ASSOCIATION, <br><br> Plaintiffs, <br><br> vs. <br><br> CHARLES C. FOTI, JR., in his official capacity as Attorney General of the State of Louisiana; and DOUG MOREAU, in his official capacity on behalf of himself as District Attorney for the Parish of East Baton Rouge, and on behalf of a class of similarly situated individuals in their official capacities. <br><br> Defendants. | CIVIL ACTION NO. 06-431-JJB-CN <br><br> SECTION " " <br><br> MAGISTRATE <br><br> COMPLAINT-CLASS ACTION |

## APPLICATION FOR TEMPORARY RESTRAINING ORDER

NOW INTO COURT, through undersigned counsel, come plaintiffs, Entertainment Software Association and Entertainment Merchants Association, who, for the reasons stated in the Memorandum in Support of Plaintiffs' Application for a Temporary Restraining Order, move this Court for a temporary restraining order restraining and enjoining Defendants to this action, including all class members and their officers, employees, and representatives from enforcing or directing the enforcement of R.S. 14:91.14 (the "Act") until resolution of this action on further order of this Court.

The Act criminalizes the sale or rental of video games based solely on their expressive content. Not only does the Act directly restrict dissemination and receipt of considerable

amounts of fully protected expression, but, because of its numerous vague terms, the Act also creates a chilling effect on a great deal of speech, as video game creators, publishers, manufacturers, distributors and retailers will respond to the Act's uncertainty by self-censoring, depriving both adults and children of access to undeniably protected expression.

As discussed more fully in the attached memorandum, the Act is unconstitutional under the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution, as well as the First Amendment to the United States Constitution as applied to the State of Louisiana by the Due Process Clause of the Fourteenth Amendment. Further, the Act would cause plaintiffs and their members to be subjected to the deprivation of rights, privileges, and immunities secure to them by the Constitution and laws of the United States. The Act thus constitutes a deprivation of rights actionable under 42 U.S.C. § 1983.

Plaintiffs are entitled to a temporary restraining order because they are likely to succeed on the merits of their constitutional challenge to the Act, and because the equities weigh strongly dateagainst enforcement of the Act. Plaintiffs and their members will suffer irreparable harm if the Act is allowed to go into effect, because the loss of First Amendment freedoms, for any amount of time, constitutes irreparable injury. The First Amendment rights of members of the public will be similarly impaired.

WHEREFORE, plaintiffs Entertainment Software Association and Entertainment Merchants Association respectfully request that the Court enter the requested temporary restraining order, enjoining Defendants, including all class members and their officers,

employees, and representatives from enforcing or directing the enforcement of the Act until the Court rules on the merits of Plaintiffs' constitutional claims.

Respectfully submitted,

_____
James A. Brown, T.A. (Bar #14101)
George Denegre, Jr. (Bar #8387)
LISKOW & LEWIS
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, LA 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108

Attorneys for Entertainment Software Association and Entertainment Merchants Association

Of Counsel:

Paul M. Smith
Katherine A. Fallow
Matthew S. Hellman
JENNER & BLOCK LLP
601 13th Street, NW, Suite 1200
Washington, DC 20005
Telephone: (202) 639-6000
Facsimile: (202) 639-6066

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the above and foregoing pleading has been served upon Charles C. Foti, Jr., in his official capacity as Attorney General of the State of Louisiana and Doug Moreau, in his official capacity as District Attorney for the Parish of Baton Rouge, by facsimile and/or e-mail with PDF attachment this 16th day of June 2006.

_____

625076_1.DOC

-3-

Case 3:06-cv-00431-JJB-CN    Document 4    06/16/2006    Page 3 of 5

IN THE UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| ENTERTAINMENT SOFTWARE ASSOCIATION AND ENTERTAINMENT MERCHANTS ASSOCIATION, | * * * * | |
|---|---|---|
| Plaintiffs, | * * | CIVIL ACTION NO. 06-431-JJB-CN |
| vs. | * * | |
| CHARLES C. FOTI, JR., in his official capacity as Attorney General of the State of Louisiana; and DOUG MOREAU, in his official capacity on behalf of himself as District Attorney for the Parish of East Baton Rouge, and on behalf of a class of similarly situated individuals in their official capacities. | * * * * * * * * * | SECTION " " MAGISTRATE |
| Defendants. | | |

## ORDER GRANTING APPLICATION FOR A TEMPORARY RESTRAINING ORDER

This matter comes before the Court on Plaintiffs' Entertainment Software Association and Entertainment Merchants Association's Application for Temporary Restraining Order. Plaintiffs filed suit seeking to enjoin enforcement of R.S. 14:91.14 ("the Act"). Plaintiffs argue that the Act violates the First Amendment by imposing criminal penalties on the distribution of video games to minors based solely on the games' content. Plaintiffs further argue that the Act violates the First and Fourteenth Amendment because the terms contained in the Act are impermissibly vague. Having reviewed the Plaintiffs' memorandum in support of their application, and having considered the arguments of counsel, the Court hereby orders as follows:

Plaintiffs are entitled to a temporary restraining order because they are likely to succeed on the merits of their constitutional challenge to the Act, and because the equities weigh strongly

against enforcement of the Act. *See e.g., Interactive Digital Software Ass'n v. St. Louis County*, 329 F.3d 954 (8th Cir. 2003); *American Amusement Mach. Ass'n v. Kendrick*, 244 F.3d 572 (7th Cir.), *cert. denied*, 534 U.S. 994 (2001); *Entertainment Software Association v. Granholm*, No. 05-73634, 2006 WL 901711, ___ F. Supp. 2d __ (March 31, 2006, E.D. Mich.); *Video Software Dealers Ass'n v. Schwarzenegger*, 401 F. Supp. 2d 1034 (N.D. Cal. 2005); *Entertainment Software Ass'n v. Blagojevich*, 404 F. Supp. 2d 1051 (N.D. Ill. 2005); *Video Software Dealers Ass'n v. Maleng*, 325 F. Supp. 2d 1180 (W.D. Wash. 2004). Plaintiffs' members will suffer irreparable harm if the Act is allowed to go into effect, because the loss of First Amendment freedoms, for any amount of time, constitutes irreparable injury. *See Deerfield Med. Ctr. v. City of Deerfield Beach*, 661 F.2d 328, 338 (5th Cir. 1981); *Elrod v. Burns*, 427 U.S. 347, 373 (1976) (plurality). The First Amendment rights of members of the public will be similarly impaired.

Accordingly, Plaintiffs' Application for a Temporary Restraining Order is GRANTED; and it is further

ORDERED that Defendants to this action, including all class members, and their officers, employees, and representatives, are hereby ENJOINED from enforcing, or directing the enforcement of the Act until resolution of this action or further order of this Court.

Baton Rouge, Louisiana, this ____ day of June 2006.

625763_1.DOC

United States District Judge

2

Case 3:06-cv-00431-JJB-CN    Document 4    06/16/2006    Page 5 of 5