## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **ENTERTAINMENT SOFTWARE ASSOCIATION AND ENTERTAINMENT MERCHANTS ASSOCIATION** | **CIVIL ACTION NO. 06-431-JJB-CN** |
| **Plaintiffs** | |
| **VERSUS** | **SECTION** |
| **CHARLES C. FOTI, in his official capacity as Attorney General of the State of Louisiana; and DOUG MOREAU, in his official capacity on behalf of himself as District Attorney for the Parish of East Baton Rouge, and on behalf of a class of similarly situated individuals in their official capacities** | **JUDGE BRADY** |
| | **COMPLAINT-CLASS ACTION** |
| **Defendants** | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FRCP RULES 12(b)(1) and (6)

**MAY IT PLEASE THE COURT:**

**I.     STATEMENT OF THE CASE**

Plaintiffs, associations whose members include companies that create, manufacture, distribute, sell or rent video games to the public, have filed this suit challenging the constitutionality of La. R.S. 14:91.14, a criminal statute enacted to afford children additional protection during their most vulnerable period due to their age and immaturity from video or computer games judicially determined to meet all three requirements:

Page 1 of 8

>   (1.) the average person, applying contemporary community standards, would find the game, as a whole, appeals to a minor's morbid interest in violence;
>
>   (2.) the game depicts violence in a manner patently offensive to prevailing standards in the adult community with respect to what is suitable for minors; and
>
>   (3.) the game taken as a whole, lacks serious literary, artistic, political, or scientific value for minors.

The statute provides for criminal penalties of a fine not less than ONE HUNDRED, and NO/100 ($100.00) DOLLARS, nor more than TWO HUNDRED, and NO/100 ($200.00) DOLLARS, or imprisonment with or without hard labor, not for more than one year or both. Plaintiffs sue Attorney General Charles C. Foti, Jr., and District Attorney for the Parish of East Baton Rouge, Doug Moreau, for declaratory and injunctive relief and claim La.R.S. 14:91.14 to be unconstitutional as violative of the First Amendment.

## II.  CASE OR CONTROVERSY

The Court properly grants a motion to dismiss for lack of subject matter jurisdiction when it lacks statutory or constitutional power to adjudicate the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006 (5th Cir. 1998).

The Fifth Circuit has explained that a controversy, to be justiciable, must be such that it can be presently litigated and decided and not hypothetical, conjectural, conditional, or based upon the possibility of a factual situation that may never develop. *Rowan Cos., Inc. v. Griffin*, 876 F.2d 26 (5th Cir. 1989).

To meet the constitutional minimum, the plaintiff must allege (1) he has suffered

or is about to suffer an injury-in-fact that is concrete and particularized, and actual or imminent; (2) the injury is fairly traceable to the defendant's conduct; and (3) a favorable decision is likely to redress the injury. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 112 S.Ct. 2130 (1992).

In the context of pre-enforcement challenges to criminal statutes on First Amendment grounds, plaintiff much allege an intention to engage in constitutionally protected conduct that is prescribed by the statute and a credible threat of prosecution under the statute. *Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 99 S.Ct. 2301 (1979). The Court must determine whether the threat of prosecution is more than imaginary or speculative. Compare *Younger v. Harris*, 401 U.S. 37, 915 S.Ct. 746 (1971), holding that plaintiffs who had never been arrested, indicted, or threatened with prosecution lacked standing to bring a First Amendment challenge to a criminal statute because the complaint alleged only that they felt "inhibited" by the statute, with *New Hampshire Right to Life Political Action Committee v. Gardner*, 99 F.3d 8 (1st Cir. 1996), holding that there was standing to bring a First Amendment challenge to a state criminal statute when the complaint specifically alleged plaintiff's intent to exceed the statute's expenditure cap and the fear of prosecution if it did so, and *KVUE, Inc. v. Austin Broadcasting Corp.*, 709 F.2d 922 (5th Cir. 1983), holding that there was standing to bring First Amendment challenge to a state criminal statute when the plaintiff alleged a desire to violate the statute, that it had lost money by obeying law, and had in fact violated the statute.

Although a plaintiff may establish an actual injury when a statute allegedly

"chills" him from exercising his free speech rights or deters his expression in order to avoid prosecution, mere allegations of a subjective "chill" are not an adequate substitute for a claim of specific present objective harm or a threat of specific future harm. *Laird v. Tatum*, 408 U.S. 1, 13-14, 92 S.Ct. 2318, 2326-26 (1972), *Meese v. Keene*, 481 U.S. 465, 473, 107 S.Ct. 1862, 1867. The plaintiff must offer some objective evidence to show that the challenged law has deterred him from engaging in constitutionally protected speech. *Meese*, 481 U.S. at 472-73, 107 S.Ct. 1866-67, *Gardner*, 99 F.3d at 14. A plaintiff's subjective fear that he will be prosecuted for engaging in expressive activity does not constitute injury unless that fear is objectively reasonable.

Here plaintiffs do not allege that they intend to engage in any conduct proscribed by the statute. The statute prohibits the sale, lease, or rental of games that have been judicially determined to meet all three statutory requirements. To date, there has been no such judicial determination as to any game sold, leased or rented by the plaintiffs. They do not assert that they will cause to be sold, leased or rented games judicially found as violative of the statute. They do not have a past history of acting in contravention of the statute's requirements. Thus, plaintiffs have failed to meet the injury-in-fact requirement. Further, plaintiffs do not offer specific allegations to substantiate their claim that the statute chills their exercise of his free speech rights by causing them to forego engaging in protected activity, as no restraint has occurred.

Plaintiff has also failed to meet the requirement that the injury be fairly traceable to the defendant's conduct. Plaintiff's allegations do not suggest that any actions of Attorney General Foti has caused or could cause harm to plaintiffs. As pointed out in

Page 4 of 8

Case 3:06-cv-00431-JJB-CN    Document 20    06/27/2006    Page 4 of 8

*Okapalobi v. Foster*, 244 F.3d 405, 426 (5th Cir. 2001) (en banc), the Attorney General is not a proper defendant when he has no power to enforce the challenged statute. As more fully discussed below, the Louisiana Attorney General may not bring a criminal prosecution solely on his own authority. Art. IV, Section 8 of the 1974 Louisiana Constitution; *State v. Neyrey*, 341 So.2d 319 (La. 1976).

Plaintiff has not established the minimum constitutional requirements for a justiciable case or controversy under Article III and must be dismissed for lack of subject matter jurisdiction. As the Fifth Circuit admonishes, "[a] litigant may not . . . challenge the constitutionality of a state criminal statute merely because he desires to wipe it off the books or even because he may some day wish to act in a fashion that violates it." *KVUE*, 709 F.2d at 927.

### III. PULLMAN ABSTENTION

This Court should refrain from ruling on the constitutionality of the state law until the courts of the State of Louisiana have had an opportunity to construe it. Since enforcement of the statute has been enjoined, this may be accomplished through the certification process.

If the statute requires a judicial determination that a particular video game satisfies the three statutory criteria prior to an criminal enforcement, there exists no prior restraint on plaintiffs' First Amendment rights, nor is a there a significant risk of irreparable injury to such rights because of any delay that results from the abstention itself.

Pullman abstention is appropriate in cases presenting a federal constitutional issue that might be mooted or presented in a different posture by a state court determination of an issue of pertinent state law. *Ibarra v. Bexar County Hospital District*, 624 F.2d 44 (5th Cir. 1980), citing

*Colorado River Water Conservation District v. U.S.*, 424 U.S. 800, 814; 96 S.Ct. 7236, 1244, 476 L.Ed. 2d 483 (1976) and *Railroad Commission of Texas v. Pullman Co.*, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941).

Should the Louisiana Supreme Court answer a certified question that criminal prosecution under La. R.S. 14:91.14 can only proceed after a judicial finding that a particular video game meets all there statutory requirements, the federal constitutional questions raised by the plaintiffs would be moot or certainly be presented in a different posture by such a determination. Such a judicial determination would certainly serve to moot plaintiffs' claim that the statute is vague.

The state has a legitimate and compelling interest in safeguarding both the physical and psychological well-being of minors. *Sable Communications of Cal., Inc. v. F.C.C.*, 492 U.S. 115, 126, 109 S.Ct. 2829, 106 L.Ed. 2d 93 (1989). A judicial determination that a particular video game meets the statutory requirements allows the state to satisfy this compelling interest and allows the courts to ensure that the state can produce empirical support and sound reasoning prior to any criminal action being brought. This judicial determination would cover only the types of violence that violate community norms and prompted the legislature to act, prohibit depictions of violence against all innocent victims, and would be supported by valid evidence – scientific and otherwise, the three necessary considerations advanced in *Video Software Dealers Assn. v. Maleng*, 325 F.Supp. 1180, 1190 (W.D. Wash. 2004), as key to constitutionally regulating violent video games.

Since certifying this question to the Louisiana Supreme Court meets the requirements of *Pullman* abstention and there is no risk of irreparable injuries caused by the delay from the

abstention, this Court should abstain from ruling on the constitutionality of the statute until a certified question of whether the statutes require a judicial determination prior to criminal enforcement is answered by the Louisiana Supreme Court.

## IV. CONCLUSION

As discussed above, plaintiff's First Amendment attack on the constitutionality of La. R.S. 19:91.14 fails to meet the Art. III case or controversy requirement. This Honorable Court should dismiss this suit with prejudice and at plaintiff's cost.

Alternatively, this Court should abstain from hearing these claims pursuant to the *Pullman* doctrine.

        Respectfully submitted,

        **CHARLES C. FOTI, JR.**
        **ATTORNEY GENERAL**

   BY:     **/sDavid G. Sanders**
        **DAVID G. SANDERS, Bar Roll No. 11696**
        **BURTON P. GUIDRY, Bar Roll No. 06439**
        **PATRICIA H. WILTON, Bar Roll No. 18049**
        **ASSISTANT ATTORNEYS GENERAL**

        **LOUISIANA DEPARTMENT OF JUSTICE**
        **LITIGATION DIVISION**
        **P.O. BOX 94005**
        **BATON ROUGE, LA 70804-9005**
        **TELEPHONE: (225) 326-6300**
        **FACSIMILE: (225) 326-6490**

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing has been served upon counsel for all represented parties and has been served upon all pro se parties to this proceeding by mailing the same to each by first class United States mail, properly addressed and postage prepaid on this 27th day of June, 2006.

            /sDavid G. Sanders
            **DAVID G. SANDERS**

James A. Brown
George Denegre, Jr.
Liskow & Lewis
One Shell Square
701 Poydras Street, Ste. 5000
New Orleans, LA 70139-5099