IN THE UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ENTERTAINMENT SOFTWARE ASSOCIATION AND ENTERTAINMENT MERCHANTS ASSOCIATION, | * * * * | |
| Plaintiffs. | * * * | CIVIL ACTION NO. 06-431-JJB-CN |
| vs. | * * | |
| CHARLES C. FOTI, JR., in his official capacity as Attorney General of the State of Louisiana; and DOUG MOREAU, in his official capacity on behalf of himself as District Attorney for the Parish of East Baton Rouge, and on behalf of a class of similarly situated individuals in their official capacities. | * * * * * * * * | SECTION "D"<br><br>Judge James J. Brady<br><br>CLASS ACTION |
| Defendants. | | |

## MEMORANDUM IN SUPPORT OF MOTION TO STRIKE MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF

MAY IT PLEASE THE COURT:

Plaintiffs, Entertainment Software Association and Entertainment Merchants Association, respectfully submit this memorandum in support of their Motion to Strike the Motion for Leave to File Amicus Curiae Brief ("Motion for Leave") filed by Florida attorney John B. Thompson ("Mr. Thompson"), purportedly on behalf of unnamed parties. As set forth below, because Mr. Thompson is not admitted to practice before this Court and fails to identify the parties upon whose behalf the Motion for Leave is filed, the Motion should be stricken.

Mr. Thompson is Not Admitted to Practice Before this Court

Because Mr. Thompson has not been admitted to practice before this Court as a visiting attorney, the Motion for Leave is filed in violation of the Court's Local Rule ("LR") 11.1M.

Even if Mr. Thompson had been admitted, any such legal paper would require signature of local counsel with whom the visiting attorney is associated. LR 83.2.6M. Absent proper admission to practice before the Court, Mr. Thompson has no legal right to file a motion on behalf of anyone. For this reason alone, the Motion for Leave should be stricken.

### The Motion for Leave Fails to Identify on Whose Behalf It is Filed

Additionally, the Motion for Leave fails to identify the parties on whose behalf Mr. Thompson purports to have been retained and on whose behalf the Motion is filed. Although the Motion, at paragraph 13, recites that Mr. Thompson "anticipates filing his amicus curiae brief on behalf of law enforcement personnel and also on behalf of education groups," he fails to identify those personnel or groups. Hence, there is no indication of who the proposed amici would be or whether Mr. Thompson has even been retained as their counsel. Absent such information, plaintiffs cannot formulate a proper response to the Motion for Leave.

Additionally, although Mr. Thompson signs the pleading as "Attorney Defendant and Co-Counsel," he is *not* a defendant in this case and there is no indication that he has been retained as counsel by the actual defendants – Attorney General Charles C. Foti, Jr. and District Attorney Doug Moreau. Because the Motion for Leave fails to identify the parties on whose behalf it is filed (if anyone), it should be stricken.

If and when Mr. Thompson complies with the Court's Local Rules and properly identifies his clients (if any), plaintiffs reserve their right to file an opposition to the instant motion for leave or any substitute or additional motion.

### **CONCLUSION**

For the foregoing reasons, the Court should enter an Order striking the Motion for Leave to File Amicus Curiae Brief filed by Mr. Thompson purportedly on behalf of unnamed persons.

Respectfully submitted,

/s/ [signature]

James A. Brown, T.A. (Bar #14101)
George Denegre, Jr. (Bar #8387)
LISKOW & LEWIS
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, LA 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108

Attorneys for Entertainment Software Association
and Entertainment Merchants Association


Of Counsel:

Paul M. Smith
Katherine A. Fallow
Matthew S. Hellman
JENNER & BLOCK LLP
601 13th Street, NW, Suite 1200
Washington, DC 20005
Telephone: (202) 639-6000
Facsimile: (202) 639-6066

## Certificate of Service

I HEREBY CERTIFY that a copy of the above and foregoing pleading has been served upon Charles C. Foti, Jr., in his official capacity as Attorney General of the State of Louisiana and Doug Moreau, in his official capacity as District Attorney for the Parish of Baton Rouge, and upon Florida attorney John B. Thompson, by facsimile and U.S. Mail, postage prepaid and properly addressed, this 18th day of July, 2006.

/s/ George Denegre