IN THE UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ENTERTAINMENT SOFTWARE ASSOCIATION AND ENTERTAINMENT MERCHANTS ASSOCIATION, | * * * * | CIVIL ACTION NO. 06-431-JJB-CN |
| Plaintiffs, | * * | |
| vs. | * * | SECTION "D" |
| CHARLES C. FOTI, JR., in his official capacity as Attorney General of the State of Louisiana; and DOUG MOREAU, in his official capacity on behalf of himself as District Attorney for the Parish of East Baton Rouge, and on behalf of a class of similarly situated individuals in their official capacities. | * * * * * * * * | JUDGE BRADY MAGISTRATE JUDGE NOLAND |
| Defendants. | | |

## SUPPLEMENTAL MEMORANDUM ON DEFENDANT CLASS ISSUE AS ORDERED BY THE COURT AT AUGUST 15, 2006 STATUS CONFERENCE

Plaintiffs Entertainment Software Association and Entertainment Merchants Association (collectively, "Plaintiffs") respectfully submit this Supplemental Memorandum on Defendant Class Issue, as ordered by the Court at the status conference held in chambers on August 15, 2006. As set forth below, because this action meets and surpasses all requisites of Federal Rule of Civil Procedure 23(a) and 23(b)(2), this Court should enter its injunction against the

Honorable Doug Moreau in his official capacity as District Attorney for East Baton Parish, and as the representative of a class of identically situated district attorneys for all other parishes in the state of Louisiana.

## ARGUMENT

Plaintiffs clearly meet Rule 23's requirements for certification of the proposed defendant class. In order to obtain certification, Plaintiffs must show that the proposed class meets the four requirements in Rule 23(a) and falls within one of the categories identified in Rule 23(b).

Plaintiffs' Complaint filed on June 16, 2006 seeks certification of a defendant class of Louisiana district attorneys in their official capacities under Rule 23(b)(2), with the Hon. Doug Moreau as the designated class representative. Compl. ¶¶ 16, 37-42. This action meets all requisites of the Rule 23(a) and (b)(2).

### I. Certification of a Defendant Class of All Louisiana District Attorneys is Proper under Federal Rule of Civil Procedure 23(b)(2)

Rule 23 provides explicitly for certification of a defendant class: "One or more members of a class may sue *or be sued* as representative parties on behalf of all [members of the class]." Fed. R. Civ. P. 23(a) (emphasis added). As set forth in the Complaint, Rule 23(b)(2) allows certification of a class where the conduct at issue is uniform, and the plaintiff seeks final injunctive or declaratory relief. *See* Fed. R. Civ. P. 23(b)(2); Compl. ¶¶ 37-42. These factors are present here as a matter of law: (1) Plaintiffs' members distribute throughout Louisiana video games covered by the Act, which distribution subjects them to prosecution for uniform conduct by each member of the proposed district attorney class; (2) Any prosecution by a member of the proposed class under the Act would be uniform insofar as each prosecution would rely on an unconstitutional statute; and (3) As against the defendant class, plaintiffs seek final declaratory and injunctive relief.

The Fifth Circuit has effectively upheld certification of a similar Rule 23(b)(2) defendant class. In *Baker v. Wade*, a case in which the plaintiffs challenged the constitutionality of a statute on a statewide basis, the district court certified a defendant class of all district, county, and city attorneys in Texas. 553 F. Supp. 1121, 1125 (N.D. Tex. 1982). On appeal, the Fifth Circuit concluded that a member of the defendant class who was not the named representative in the district court could properly intervene and substitute himself as the class representative for purposes of the appeal. *See Baker v. Wade*, 769 F.2d 289, 291-92 (5th Cir. 1985) (en banc). In so holding, the court necessarily relied on the conclusion that the district court had properly certified the defendant class in the first instance; otherwise the court could never have reached the issue of whether the intervenor could substitute himself as a class representative. *See id.* Although the Fifth Circuit reversed the merits of the district court decision and held that the challenged statute was in fact constitutional, it nonetheless effectively upheld the class certification decision under Rule 23(b)(2). *See also id.* at 294 (Rubin, J., dissenting on other grounds) ("The class was properly certified as a (b)(2) class because the suit involved only a question generally applicable to the class.").[1]

Indeed, the Fifth Circuit has recognized that Rule 23(b)(2) class actions are designed "'primarily to facilitate the bringing of class actions in the civil rights area.'" *In re Monumental Life Ins. Co.*, 365 F.3d 408, 417, n.16 (5th Cir. 2004), *cert. denied*, 125 S. Ct. 277 (2004) (quoting 7A Charles A. Wright et al., *Federal Practice and Procedure* § 1775, at 470 (2d ed.

---

[1] Prior to its en banc holding in *Baker*, the Fifth Circuit had declined to reach the question of the applicability of Rule 23(b)(2) to defendant classes, though it specifically recognized that "cases allowing certification under Rule 23(b)(2) generally involve actions to enjoin a group of local public officials from enforcing a locally administered state statute or similar administrative policies." *Greenhouse v. Greco*, 617 F.2d 408, 413 n.6 (5th Cir. 1980). Indeed, such a class of public officials was certified in *Baker*, and Plaintiffs seek to certify such a class of public officials here.

1986)); *accord McManus v. Fleetwood Enters., Inc.*, 320 F.3d 545, 553 (5th Cir. 2003). Moreover, the Fifth Circuit has advocated the use of the defendant class action to resolve similar individual claims in a single case. *See Meza v. General Battery Corp.*, 908 F.2d 1262, 1271, n.9 (5th Cir. 1990).

Other courts have also recognized that the use of Rule 23(b)(2) defendant class actions is particularly appropriate where the defendant class consists of state officials responsible for the enforcement of an allegedly unconstitutional law. *See, e.g., Marcera v. Chinlund*, 595 F.2d 1231, 1238 (2d Cir. 1979) ("[I]t is now settled that [Rule] 23(b)(2) is an appropriate vehicle for injunctive relief against a class of local public officials."), *vacated on other grounds sub nom*, *Lombard v. Marcera*, 442 U.S. 915 (1979); *Follette v. Vitanza*, 658 F. Supp. 492, 507-08 (N.D.N.Y. 1987), *modified on other grounds*, 658 F. Supp. 514 (N.D.N.Y. 1987) (noting that Rule 23(b)(2) certification proper in suit against officials of a single state charged with enforcement of allegedly unconstitutional statute); *Doss v. Long*, 93 F.R.D. 112, 118-19 (N.D. Ga. 1981) (certifying under Rule 23(b)(2), in civil rights action, defendant class of justice of the peace and municipal courts); *Hopson v. Schilling*, 418 F. Supp. 1223, 1237-38 (N.D. Ind. 1976) (noting that "[t]he Rule 23(b)(2) class is particularly appropriate for the assertion of class-based civil rights," and that certification is appropriate where defendants share a "juridical link" to enforcement of the allegedly unconstitutional law); *Redhail v. Zablocki*, 418 F. Supp. 1061, 1065-68 (E.D. Wis. 1976), *aff'd*, 434 U.S. 374 (1978) (certifying defendant class of county clerks under Rule 23(b)(2) and noting that "[w]here, as here, a statute with statewide application is challenged on the ground of its unconstitutionality, allowing the action to proceed against the class of officials charged with its enforcement is in accordance with the interests of judicial administration and justice which Rule 23 is meant to further.").

Plaintiffs seek to enjoin a state-wide class of Louisiana district attorneys from enforcing an unconstitutional statute. This injunctive and declaratory suit presents a textbook case for resolution by use of a Rule 23(b)(2) defendant class: Plaintiffs' constitutional claims are uniform against every class member and can be resolved all at once in a single case. *See Redhail*, 418 F. Supp. at 1066.

## II. The Defendant Class Also Meets the Four Prerequisites of Rule 23(a)

### A. Numerosity

Rule 23(a)(1) requires that "the class is so numerous that joinder of all members is impracticable." The proposed defendant class meets this standard. There are 41 district attorneys in the State of Louisiana. Joinder of each would be impracticable given the extreme logistical difficulties presented by each appearing in this case. *See Marcera*, 595 F.2d at 1238 (noting that 42 sheriffs satisfy numerosity requirement); *Baker*, 553 F. Supp. at 1125, n.1 (class of "several hundred public prosecutors" who can enforce a law is sufficiently numerous).

### B. Commonality

The proposed defendant class also satisfies Rule 23(a)(2)'s requirement that "there are questions of law or fact common to the class." "The test for commonality is not demanding," and "[a]ll that is required for each class is that there is one common question of law or fact." *James v. City of Dallas, Texas*, 254 F.3d 551, 570 (5th Cir. 2001) (quoting *Mullen v. Treasure Chest Casino, LLC*, 186 F.3d 620, 625 (5th Cir. 1999)).

Here, all members of the defendant class are charged with enforcing the same unconstitutional law. In Louisiana, the district attorney "has entire charge and control of every criminal prosecution instituted or pending in his district, and determines whom, when, and how he shall prosecute." La. Code Crim. P. art. 61; *State v. Perez*, 464 So. 2d 737, 742 (La. 1985).

Indeed, "[t]he district attorney is given absolute discretion in the institution of criminal charges." *Perez*, 464 So. 2d at 742. Accordingly, each district attorney has the statutory authority to enforce the unconstitutional Act in his or her district. In addition, Plaintiffs' legal grounds for challenging the law — violations of the due process and free speech rights under the First and Fourteenth Amendments — are the same for each member of the class. *See Baker*, 553 F. Supp. at 1125 n.1 (noting that challenge against enforcement of unconstitutional law by all members of class satisfies commonality requirement). Thus, the commonality requirement is satisfied.

    **C.**    **Typicality**

The defendant class also satisfies Rule 23(a)(3)'s requirement that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Again, this requirement is "'not demanding. It focuses on the similarity between the named [parties'] legal and remedial theories and the theories of those whom they purport to represent.'" *James*, 254 F.3d at 571 (quoting *Mullen*, 186 F.3d at 625). Here, the legal theory and defenses of defendant Moreau will be the same as any legal theory or defense offered by any member of the class. Because Plaintiffs maintain that the Act is facially unconstitutional, there are no factual differences between each class member that would require a different legal analysis for each class member. Therefore, the typicality requirement is satisfied. *See also Baker*, 553 F. Supp. at 1125, n.1 (enforcement of unconstitutional law by all members of class satisfies typicality requirement).

    **D.**    **Adequacy of representation**

Rule 23(a)(4) requires a showing that "the representative parties will fairly and adequately protect the interests of the class." Defendant Moreau has the same interest in the defense of a law that he is given the power and responsibility to enforce under Louisiana law as

any other District Attorney. "Differences between named [parties] and class members render the named [parties] inadequate representatives *only* if those differences create conflicts between the named [parties'] interests and the class members' interest." *James*, 254 F.3d at 571 (quoting *Mullen*, 186 F.3d at 625-6) (emphasis added). Because all of the district attorneys' interests are aligned in enforcing the law, defendant Moreau is an adequate representative. *See Baker*, 553 F. Supp. at 1125, n.1 (finding named district and county attorneys adequate representatives).

## CONCLUSION

The Court should certify a defendant class of all Louisiana district attorneys under Rule 23(b)(2) because the conduct here is uniform, Plaintiffs seek injunctive and declaratory relief against the defendant class, and the class satisfies each of Rule 23(a)'s requirements.

Respectfully submitted,

/s/ James A. Brown
James A. Brown, T.A. (Bar #14101)
George Denegre, Jr. (Bar #8387)
LISKOW & LEWIS
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, LA  70139-5099
Telephone:     (504) 581-7979
Facsimile:       (504) 556-4108

and

Paul M. Smith
Katherine A. Fallow
Matthew S. Hellman
JENNER & BLOCK LLP
601 13th Street, NW, Suite 1200
Washington, DC  20005
Telephone:     (202) 639-6000
Facsimile:       (202) 639-6066

Attorneys for Entertainment Software Association
and Entertainment Merchants Association

**Certificate of Service**

    I HEREBY CERTIFY that a copy of the above and foregoing pleading has been served upon Charles C. Foti, Jr., in his official capacity as Attorney General of the State of Louisiana and Doug Moreau, in his official capacity as District Attorney for the Parish of Baton Rouge, by facsimile this 17th day of August, 2006.

                                                      /s/ James A. Brown_____