UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

FILED
U.S. DIST. COURT
MIDDLE DIST. OF LA

2006 AUG 22 PM 2:29

SIGN_____
BY DEPUTY CLERK

| | |
|---|---|
| ENTERTAINMENT SOFTWARE ASSOCIATION ENTERTAINMENT MERCHANTS ASSOCIATION | CIVIL ACTION NO. |
| Plaintiffs | 06-431-JJB-CN |
| VERSUS | |
| CHARLES C. FOTI, in his official capacity as Attorney General of the State of Louisiana; and DOUG MOREAU, in his official capacity on behalf of Himself as District Attorney and on behalf of a class of similarly situated individuals in their official capacities for the Parish of East Baton Rouge | SECTION "D"  JUDGE BRADY |
| Defendants | |

### DEFENDANT'S MEMORANDUM TO THE COURT IN RESPONSE TO PLAINTIFFS' SUPPLEMENTAL MEMORANDUM ON DEFENDANT CLASS ISSUE

In response to plaintiffs' Supplemental Memorandum on Defendant Class Issue as Ordered by the Court at August 15, 2006 Status Conference, Defendant Charles C. Foti, Jr., Attorney General for the state of Louisiana, provides this opposition to plaintiffs' Memorandum. For the reasons stated herein, Attorney General Foti requests that the plaintiffs' Memoranda for Class Certification of Defendants be denied.

### NATURE OF THE MATTER BEFORE THE COURT

Plaintiffs are attempting to prohibit the defendants from enforcing a Louisiana statute that prohibits the sale and/or rental of a particular type of violent video games to minors. As such, the



1

plaintiffs have filed memoranda in favor of a defendant class to include all district attorneys located within the state of Louisiana. The plaintiffs have named the Honorable Doug Moreau, in his official capacity as District Attorney for East Baton Rouge Parish, as the representative of a class of identically situated district attorneys for all other parishes of the state of Louisiana.

## STATEMENT OF FACTS

For purposes of the present memorandum, the relevant facts are as follows:

The Louisiana legislature, in the ordinary legislative session of 2006, overwhelmingly passed La. R.S. 14:91.14, which prohibits the sale and/or rental of a particular type of violent video games to minors. It was subsequently signed into law by Governor Kathleen Blanco on June 15, 2006.

Plaintiffs Entertainment Software Association and the Entertainment Merchants Association, whose members include companies that create, publish, manufacture, distribute, sell, or rent video games to the public, filed this complaint on June 16, 2006 against the Louisiana Attorney General and the District Attorney for the 19th Judicial District Court for East Baton Rouge Parish, in his capacity as representatives of a class of similarly situated individuals in their official capacities, including the 41 Louisiana district attorneys.

Plaintiffs asserted that the newly enacted law infringes on the freedoms provided under the First Amendment of the United States Constitution, with no compelling governmental interest for enacting such a law. Plaintiffs further asserted that the statute creates a violation of the Equal Protection Clause of the United States Constitution because the restrictions do not apply to other media.

The defendants contend that the purpose of the law is not to restrict free speech, but to protect the children of Louisiana. This, in essence, is a compelling governmental interest.

Furthermore, the statute places the restriction on this type of media because it possesses characteristics that other media does not, such as interaction, auditory, sensory, and other feelings of vibration whenever violence occurs.

## QUESTION PRESENTED

Have the plaintiffs satisfied the requirements for a class certification of defendants?

## ARGUMENTS AND AUTHORITIES

I. **PLAINTIFFS HAVE NOT SATISFIED THE TYPICALITY AND ADEQUACY OF REPRESENTATION REQUIREMENTS FOR CLASS CERTIFICATION OF DEFENDANTS.**

According to Rule 23(a) of the Federal Rules of Civil Procedure, one or more members of a class may be sued as representative parties on behalf of the entire class only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class. In addition to satisfying Rule 23(a)'s requirements, the plaintiffs must also prove that the action is maintainable under Rule 23(b).

The plaintiffs' request for class certification of all Louisiana district attorneys fails on the requirements of typicality and adequacy of representation. The court in *Swisher v. United States* discussed the typicality requirement and its relation to adequate representation, holding that courts should look at whether the claims of the representative are antagonistic to the claims of the proposed class. 189 F.R.D. 638, 641 (D. Kan. 1999). "Typicality insures that the class representative's claims resemble the class's claims to an extent that adequate representation can be expected." *Edgington,* 139 F.R.D. at 189 (citing 7A Wright et al., Federal Practice and Procedure § 1764, at 232-33). In *Marcus v. Kansas, Dept. of Revenue,* 206 F.R.D. 509, 512 (D.

Kan. 2002), *reversed on other grounds*, 170 F.3d 1305 (1999), the court set forth the two-part test to determine if there is adequate representation: first, the attorney for the proposed class must be "qualified, experienced, and generally able to conduct the proposed litigation." *Zapata,* 167 F.R.D. at 160-61 (citing *Falcon,* 457 U.S. at 157 n. 13, 102 S.Ct. 2364). Second, the individual plaintiffs' claims must be "sufficiently interrelated to and not antagonistic with the class's claims so as to ensure fair and adequate representation." *Id.*

## II. THERE MUST BE AN ACTUAL CASE OR CONTROVERSY FOR THE PLAINTIFFS TO EFFECTUATE STANDING AGAINST THE PROPOSED CLASS.

The plaintiffs in this matter lack standing against most of the proposed class. To allow a class certification against all district attorneys would violate the jurisdictional doctrine that there must be an actual case or controversy. The case of *La Mar v. H & B Novelty & Loan Co.,* 489 F.2d 461, 466 (9th Cir.1973), is illustrative of an attempt to certify a bilateral class action. The court held that the plaintiff could not represent a plaintiff class against defendants from whom he had suffered no injury. *Id.* Although a plaintiffs' class is not an issue in the instant matter, the same rationale is applicable. It should not be permissible for plaintiffs to bring defendants in who have no criminal jurisdiction over the plaintiffs' actions. Certifying a defendant class under these circumstances would totally ignore Article III standing requirements of a case and controversy.

The *La Mar* case suggests an exception to the standing rule: certification is appropriate where "all defendants are juridically related in a manner that suggests a single resolution of the dispute would be expeditious." *Id.* at 466. The juridical link exception is most commonly expressed when members of a defendant class are state officials charge with enforcing a state statute, alleged to be unconstitutional. *See, e.g., Thompson v. Board of Educ. of Romeo Community Schools*, 709 F.2d 1200, 1206 (6th Cir. 1983). The broad rule suggested by the

plaintiffs ignores Constitutional necessities such as Article III standing pertaining to a particular case or controversy.

Neither standing nor the Rule 23 can be overlooked due to mere expediency. *Lewis v. Casey*, held that the fact that a lawsuit has been certified as a class "... adds nothing to the question of standing . . . ." 518 U.S. 343, 357 (1996) *quoting Simon v. Eastern Kentucky Welfare Rights Organization,* 426 U.S. 26, 40 n 20 (1976). In *Amchem Products, Inc. v. Windsor*, the court determined, "Rule 23's requirements must be interpreted in keeping with Article III constraints, and with the Rules Enabling Act . . . ." 521 U.S. 591, 612-13 (1997). The court added, "[O]f overriding importance, courts must be mindful that the Rule as now composed sets the requirements they are bound to enforce." 521 U.S. at 620. *Amchem*'s holding was reaffirmed in *Ortiz v. Fireboard Corporation*, 527 U.S. 815, 831 (1998). In both *Amchem* and *Ortiz*, the court rejected the argument that expediency trumps Article III standing and Rule 23 requirements.

### III. CLASS CERTIFICATION WILL VIOLATE THE DEFENDANTS' DUE PROCESS RIGHTS.

The requirement of adequacy of representation is of particular importance since inadequate representation would infringe upon the due process rights of absentee class members who will be bound by a final judgment in this lawsuit. *Edgington v. R.G. Dickinson & Co.,* 139 F.R.D. 183, 190 (D.Kan.1991). The adequacy requirement is designed to prevent conflicts of interests between members of the proposed class. *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 625 (1977).

Therefore, proceeding under Rule 23(b)(1) would deny the proposed defendant class due process. Rule 23(b)(1) has no notice provision and no opt-out provision. A defendant class under these facts based upon a broad reading of the juridical link doctrine ignores Rule 23(a) typicality

5

and adequacy requirements. The statute that authorizes the Federal Rules of Civil Procedure, 28 U.S.C. § 2072, provides in relevant part in subpart (b) that the rules "shall not abridge, enlarge or modify any substantive right." The broad juridical link doctrine abridges substantive rights because it runs counter to the typicality and adequacy requirements of Rule 23 as well as Constitutional Article III standing requirements. The juridical link doctrine also runs afoul of U.S. Supreme Court precedent, which recognizes the arguments raised herein.

The proposition that the juridical link doctrine should apply to independent state officials, regardless whether a case or controversy exists, when the constitutionality of a state statute is questioned, is an argument of expediency. As previously noted, the plaintiffs do not allege that all district attorneys have a uniform interpretation of the reporting statute. Plaintiffs want to force this class upon all district attorneys in this state, without allowing them notice, an opportunity to be heard, or an opportunity to opt-out. Such a diverse and independent state official is not the type to which the doctrine of juridical links was originally intended to apply.

State government officials should be afforded due process just as anyone else. The plaintiffs' broad interpretation of the juridical links doctrine is incompatible with Article III standing and Rule 23 and should be rejected. (*See* William D. Henderson, Comment, "Reconciling the Juridical Links Doctrine with the Federal Rules of Civil Procedure and Article III," 67 U.Chi.L.Rev., 1347, 1354 (2000).)

## CONCLUSION

Given the independence of district attorneys, the plaintiffs have failed to meet their burden that the class of defendants should be certified. The class fails on typicality and adequacy. Certification of a class of defendants under these circumstances would include

defendants with whom there is no case or controversy. Moreover, certifying such a class would violate the Louisiana District Attorneys' due process rights.

Respectfully submitted,

CHARLES C. FOTI, JR.
ATTORNEY GENERAL

BY: _____
DAVID G. SANDERS, Bar Roll No. 11696
BURTON P. GUIDRY, Bar Roll No. 06439
PATRICIA H. WILTON, Bar Roll No. 18049
ASSISTANT ATTORNEYS GENERAL

LOUISIANA DEPARTMENT OF JUSTICE
LITIGATION DIVISION
POST OFFICE BOX 94005
BATON ROUGE, LA 70804-9005
TELEPHONE: (225) 326-6300
FACSIMILE: (225) 326-6300

## CERTIFICATE OF SERVICE

I hereby certify that I have on this _____ day of August, 2006, served a copy of the foregoing discovery on counsel for all parties to this proceeding by mailing a copy of same via U.S. Mail, postage prepaid.

_____
BURTON P. GUIDRY

7

Case 3:06-cv-00431-JJB-CN    Document 39    08/22/2006    Page 7 of 7