IN THE UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ENTERTAINMENT SOFTWARE ASSOCIATION AND ENTERTAINMENT MERCHANTS ASSOCIATION, | * * * * | |
| Plaintiffs, | * * | CIVIL ACTION NO. 06-431-JJB-CN |
| vs. | * * | |
| CHARLES C. FOTI, JR., in his official capacity as Attorney General of the State of Louisiana; and DOUG MOREAU, in his official capacity on behalf of himself as District Attorney for the Parish of East Baton Rouge, and on behalf of a class of similarly situated individuals in their official capacities, | * * * * * * * * * | SECTION "D" Judge James J. Brady |
| Defendants. | * | |

## STATEMENT OF MATERIAL UNDISPUTED FACTS IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

Pursuant to Local Rule 56.1 and Federal Rule of Civil Procedure 56, Plaintiffs Entertainment Software Association ("ESA") and Entertainment Merchants Association ("EMA") submit this Statement of Material Undisputed Facts in support of their motion for summary judgment and entry of a permanent injunction preventing Defendants and their officers, employees, and representatives from enforcing La. R.S. 14:91.14 (hereinafter, the "Act").

1. The State of Louisiana has enacted LA. R.S. 14:91.14 (the "Act"), making it a crime to sell, lease or rent a prohibited "interactive video or computer game" to a minor. Act, § 91.14(A).

2. The video games proscribed by the Act are those that meet all of the following criteria:

Dockets.Justia.

(1) The average person, applying contemporary community standards, would find that the video or computer game, taken as a whole, appeals to the minor's morbid interest in violence.

(2) The game depicts violence in a manner patently offensive to prevailing standards in the adult community with respect to what is suitable for minors.

(3) The game, taken as a whole, lacks serious literary, artistic, political, or scientific value for minors.

Act, § 91.14(A).

3. The Act's stated purposes for its restrictions on "violent" video games are: "that children are the most precious resource of this state and they are worthy of special protection from their government" and that the State has an interest in protecting minors from "physical, psychological, and financial harm." Act, § 1(a).

4. Plaintiffs are associations of companies that create, publish, distribute, sell, and/or rent video games. Declaration of Douglas Lowenstein, ¶ 2 ("Lowenstein Decl.") (attached as Exhibit 1 to Plaintiffs' Motion for Preliminary Injunction); Declaration of Crossan Andersen, ¶ 1 ("Andersen Decl.") (attached as Exhibit 2 to Plaintiffs' Motion for Preliminary Injunction).[1] The ESA's membership includes a number of entities that distribute and/or supply video games and related software to owners and operators of sales and rental outlets within the City of Baton Rouge and throughout the State of Louisiana. Lowenstein Decl. ¶ 2. EMA represents more than 1,000 companies throughout the United States, Canada, and other nations. Its members operate more than 20,000 retail outlets in the United States, including approximately 250 in Louisiana, that sell and/or rent DVDs and computer and console video games. Anderson Decl. ¶ 1.

---

[1] In this Statement of Undisputed Material Facts, Plaintiffs rely as indicated on the Declarations submitted in support of their Motion for Preliminary Injunction. The Declaration of Crossan R. Andersen, President of Plaintiff EMA is cited as "Andersen Decl."; the Declaration of Douglas Lowenstein, President of Plaintiff ESA is cited as "Lowenstein Decl."; and the Declaration of Ted Price, President and CEO of Insomniac Games, Inc. is cited as "Price Decl."

5. Some of the video games created, published, distributed, and/or made available to the public by the ESA's members may be deemed by law enforcement officials in the State of Louisiana to meet the statutory definition of games that are prohibited to be sold, leased, or rented to minors. Lowenstein Decl. ¶ 13. Further, the Act places obligations, upon threat of criminal sanction, on the EMA's members to determine whether some video games may be lawfully sold, rented, or leased to minors. Andersen Decl. ¶¶ 5, 11, 13

6. The video game industry has adopted a voluntary and widely used rating system for video games, which is implemented by the Entertainment Software Rating Board ("ESRB"). Lowenstein Decl. ¶¶ 4-10.

7. ESRB gives one of six age-specific ratings to each game it rates: EC (Early Childhood); E (Everyone); E10+ (Everyone 10 and older); T (Teen); M (Mature); AO (Adults Only). The ESRB also assigns content descriptors to the game, such as "Cartoon Violence," "Crude Humor," "Fantasy Violence," "Mild Violence," and "Strong Language." *Id.* ¶¶ 7-8 & Ex. A.

8. In a September 2000 report, the Federal Trade Commission ("FTC") called the ESRB rating system the "most comprehensive" of industry-wide media rating systems. FTC, Marketing Violent Entertainment to Children, at 37 (September 2000), available at http://www.ftc.gov/ reports/violence/vioreport.pdf ("2000 FTC Report"); Lowenstein Decl. ¶ 10.

9. The FTC has found that parents are involved in 83% of video game purchases for minors. 2000 FTC Report at 42; Lowenstein Decl. ¶ 10.

10. While the Act was being considered, the Plaintiffs informed both the Legislature and the Governor about the existence of less restrictive alternatives to the Act and offered to

3

Case 3:06-cv-00431-JJB-CN    Document 43    08/30/2006    Page 3 of 5

work with the State on a public education campaign concerning the ESRB system. Andersen Decl. ¶ 18; Lowenstein Decl. ¶¶ 15-17.

11. Like motion pictures and television programs, video games tell stories and entertain audiences through the use of complex pictures, sounds, and text. Declaration of Ted Price ¶¶ 4 (attached as Exhibit 1 to Plaintiffs' Motion for Preliminary Injunction).

Respectfully submitted,

/s/

James A. Brown, T.A. (Bar #14101)
George Denegre, Jr. (Bar #8387)
LISKOW & LEWIS
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, LA 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108

and

Paul M. Smith
Katherine A. Fallow
Matthew S. Hellman
Duane C. Pozza
JENNER & BLOCK LLP
601 13th Street, NW, Suite 1200
Washington, DC 20005
Telephone: (202) 639-6000
Facsimile: (202) 639-6066

Attorneys for Entertainment Software Association and Entertainment Merchants Association

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing pleading has been served upon Charles C. Foti, Jr., in his official capacity as Attorney General of the State of Louisiana and Doug Moreau, in his official capacity as District Attorney for the Parish of Baton Rouge, by facsimile this 30 day of August, 2006.

_____

634854_1.doc