IN THE UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ENTERTAINMENT SOFTWARE ASSOCIATION AND ENTERTAINMENT MERCHANTS ASSOCIATION, | * * * * | CIVIL ACTION NO. 06-431-JJB-CN |
| Plaintiffs, | * * | |
| vs. | * * | SECTION "D" |
| CHARLES C. FOTI, JR., in his official capacity as Attorney General of the State of Louisiana; and DOUG MOREAU, in his official capacity on behalf of himself as District Attorney for the Parish of East Baton Rouge, and on behalf of a class of similarly situated individuals in their official capacities. | * * * * * * * * * | JUDGE BRADY MAGISTRATE JUDGE NOLAND |
| Defendants. | | |

## PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR MOTION FOR CLASS CERTIFICATION

Plaintiffs Entertainment Software Association and Entertainment Merchants Association (collectively, "Plaintiffs") respectfully submit this Memorandum in Support of their Motion for Class Certification to certify a defendant class of all District Attorneys in the State of Louisiana in their official capacities, as represented by District Attorney Doug Moreau, District Attorney for the Parish of East Baton Rouge, in his official capacity. Pursuant to the Court's August 24, 2006 Order, Plaintiffs are giving notice to all District Attorneys in the State of their Motion. Because the proposed class meets and surpasses all requisites of Federal Rule of Civil Procedure 23(a) and 23(b)(2), Plaintiffs request that this Court certify the class and apply the existing preliminary injunction, and any further decisions in this case, to all members of the class.

-1-

Dockets.Justia.

## I. BACKGROUND

On June 16, 2006, Plaintiffs filed the Complaint seeking declaratory and injunctive relief against the enforcement of La. R.S. 14:91.14 ("the Act"), which regulates the sale or rental of certain "interactive video or computer games," on the grounds that the Act violates the First and Fourteenth Amendments of the United States Constitution. The Complaint sought relief against Attorney General Charles C. Foti, Jr., and against Doug Moreau, District Attorney for East Baton Rouge Parish, both individually and as a representative of a proposed defendant class of all District Attorneys in the State of Louisiana.[1] On June 16, the Court issued a temporary restraining order against all Defendants, including the defendant class, and on June 30, the Court extended the temporary restraining order until such time that the Court ruled on Plaintiffs' pending Motion for Preliminary Injunction. On August 15, the Court ordered supplemental briefing on whether the preliminary injunction should be enforced against a defendant class, and further directed the parties to expeditiously file summary judgment motions.

On August 24, 2006, the Court issued an Order granting Plaintiffs' Motion for Preliminary Injunction against Defendant Doug Moreau (the "PI Order"). The Court held that Plaintiffs were very likely to succeed on their claims that the Act violated the First and Fourteenth Amendments. PI Order at 11-28. The Court also held that the Attorney General was not a proper party to the request for injunctive relief, although the Attorney General remains a party to Plaintiffs' request for a declaratory judgment that the Act is unconstitutional. *Id.* at 9. Turning to the proposed defendant class, the Court held that certification of the class would be premature without a formal motion and hearing on the class certification issue. *Id.* at 7-9. The Court also noted that it had discretion to order appropriate notice to the proposed class. *Id.* at 9.

---

[1] All Defendants, including the members of the defendant class, are sued in their official capacities.

Accordingly, the Court directed the Plaintiffs to "file a motion for class certification and to personally notify by mail all of the District Attorneys in Louisiana of this action." *Id.*

## II. ARGUMENT

In accordance with the Court's PI Order, Plaintiffs hereby move to certify a defendant class of all District Attorneys in the State of Louisiana, to be represented by District Attorney Doug Moreau. Plaintiffs further request that the Court, upon certifying the defendant class, enter an order preliminarily enjoining the class from enforcing the Act, on the basis of the Court's PI Order, and to apply all further holdings in this case to the class as a whole.[2] In accordance with the Court's PI Order, Plaintiffs are hereby providing notice to the class of this motion, the Complaint, the Court's PI Order, and Plaintiffs' Motion for Summary Judgment.

Plaintiffs clearly meet Rule 23's requirements for certification of the proposed defendant class. In order to obtain certification, Plaintiffs must show that the proposed class meets the four requirements in Rule 23(a) and falls within one of the categories identified in Rule 23(b). Plaintiffs' Complaint seeks certification of a defendant class of Louisiana district attorneys in their official capacities under Rule 23(b)(2), with the Hon. Doug Moreau as the designated class representative. Compl. ¶¶ 16, 37-42. The proposed class meets all requisites of Rule 23(a) and (b)(2).

### A. Certification of a Defendant Class of All Louisiana District Attorneys is Proper under Federal Rule of Civil Procedure 23(b)(2).

Rule 23 provides explicitly for certification of a defendant class: "One or more members of a class may sue *or be sued* as representative parties on behalf of all [members of the class]."

---

[2] Plaintiffs are contemporaneously filing a Motion for Summary Judgment seeking a declaration that the Act is unconstitutional and a permanent injunction against enforcement of the Act. Plaintiffs request that the Court's decision on that motion be applied to the defendant class, once the class has been certified, and that the class of District Attorneys in Louisiana be permanently enjoined against enforcement of the Act.

Fed. R. Civ. P. 23(a) (italics added). As set forth in the Complaint, Rule 23(b)(2) allows certification of a class where the conduct at issue is uniform, and the plaintiff seeks final injunctive or declaratory relief. *See* Fed. R. Civ. P. 23(b)(2); Compl. ¶¶ 37-42. These factors are present here as a matter of law: (1) Plaintiffs' members distribute throughout Louisiana video games covered by the Act, which distribution subjects them to prosecution for uniform conduct by each member of the proposed district attorney class; (2) Any prosecution by a member of the proposed class under the Act would be uniform insofar as each prosecution would rely on an unconstitutional statute; and (3) As against the defendant class, plaintiffs seek final declaratory and injunctive relief.

The uniformity of conduct in this case is clear. As this Court has recognized, Plaintiffs' members include those that create, publish, manufacture, distribute, sell, or rent video games that will be subject to the Act's restrictions. PI Order at 2, 4, 5. Video games subject to the Act's restrictions are distributed throughout the State of Louisiana. Declaration of Crossan Andersen, ¶ 1 (attached to Plaintiffs' Motion for Preliminary Injunction); Declaration of Douglas Lowenstein, ¶ 2 (attached to Plaintiffs' Motion for Preliminary Injunction; Complaint ¶¶ 9-10. Further, Plaintiffs are asserting the rights of willing listeners throughout the State. Complaint ¶ 13; PI Order at 5. Plaintiffs' members therefore will suffer the same harm for uniform conduct throughout the State – both criminal punishment from potential prosecutions under the Act and the chilling of protected speech caused by potential prosecutions.[3]

The Fifth Circuit has effectively upheld certification of a similar Rule 23(b)(2) defendant class. In *Baker v. Wade*, a case in which the plaintiffs challenged the constitutionality of a statute on a statewide basis, the district court certified a defendant class of all district, county,

and city attorneys in Texas. 553 F. Supp. 1121, 1125 (N.D. Tex. 1982). On appeal, the Fifth Circuit concluded that a member of the defendant class who was not the named representative in the district court could properly intervene and substitute himself as the class representative for purposes of the appeal. *See Baker v. Wade*, 769 F.2d 289, 291-92 (5th Cir. 1985) (en banc). In so holding, the court necessarily relied on the conclusion that the district court had properly certified the defendant class in the first instance; otherwise the court could never have reached the issue of whether the intervenor could substitute himself as a class representative. *See id.* Although the Fifth Circuit reversed the merits of the district court decision and held that the challenged statute was in fact constitutional, it nonetheless effectively upheld the class certification decision under Rule 23(b)(2). *See also id.* at 294 (Rubin, J., dissenting on other grounds) ("The class was properly certified as a (b)(2) class because the suit involved only a question generally applicable to the class.").[4]

Indeed, the Fifth Circuit has recognized that Rule 23(b)(2) class actions are designed "'primarily to facilitate the bringing of class actions in the civil rights area.'" *In re Monumental Life Ins. Co.*, 365 F.3d 408, 417, n.16 (5th Cir. 2004), *cert. denied*, 125 S. Ct. 277 (2004) (quoting 7A Charles A. Wright et al., *Federal Practice and Procedure* § 1775, at 470 (2d ed. 1986)); *accord McManus v. Fleetwood Enters., Inc.*, 320 F.3d 545, 553 (5th Cir. 2003). Moreover, the Fifth Circuit has advocated the use of the defendant class action to resolve similar

---

[3] For these reasons as well, Plaintiffs have standing against each District Attorney in the State, just as the Plaintiffs have standing against District Attorney Moreau, as the Court has already held. PI Order at 7.

[4] Prior to its en banc holding in *Baker*, the Fifth Circuit had declined to reach the question of the applicability of Rule 23(b)(2) to defendant classes, though it specifically recognized that "cases allowing certification under Rule 23(b)(2) generally involve actions to enjoin a group of local public officials from enforcing a locally administered state statute or similar administrative policies." *Greenhouse v. Greco*, 617 F.2d 408, 413 n.6 (5th Cir. 1980). Indeed, such a class of public officials was certified in *Baker*, and Plaintiffs are seeking to certify such a class of public officials here.

individual claims in a single case. *See Meza v. General Battery Corp.*, 908 F.2d 1262, 1271, n.9 (5th Cir. 1990).

Other courts have also recognized that the use of Rule 23(b)(2) defendant class actions is particularly appropriate where the defendant class consists of state officials responsible for the enforcement of an allegedly unconstitutional law. *See, e.g., Marcera v. Chinlund*, 595 F.2d 1231, 1238 (2d Cir. 1979) ("[I]t is now settled that [Rule] 23(b)(2) is an appropriate vehicle for injunctive relief against a class of local public officials."), *vacated on other grounds sub nom, Lombard v. Marcera*, 442 U.S. 915 (1979); *Follette v. Vitanza*, 658 F. Supp. 492, 507-08 (N.D.N.Y. 1987), *modified on other grounds*, 658 F. Supp. 514 (N.D.N.Y. 1987) (noting that Rule 23(b)(2) certification proper in suit against officials of a single state charged with enforcement of allegedly unconstitutional statute); *Doss v. Long*, 93 F.R.D. 112, 118-19 (N.D. Ga. 1981) (certifying under Rule 23(b)(2), in civil rights action, defendant class of justice of the peace and municipal courts); *Hopson v. Schilling*, 418 F. Supp. 1223, 1237-38 (N.D. Ind. 1976) (noting that "[t]he Rule 23(b)(2) class is particularly appropriate for the assertion of class-based civil rights"); *Redhail v. Zablocki*, 418 F. Supp. 1061, 1065-68 (E.D. Wis. 1976), *aff'd*, 434 U.S. 374 (1978) (certifying defendant class of county clerks under Rule 23(b)(2) and noting that "[w]here, as here, a statute with statewide application is challenged on the ground of its unconstitutionality, allowing the action to proceed against the class of officials charged with its enforcement is in accordance with the interests of judicial administration and justice which Rule 23 is meant to further.").

Plaintiffs seek to enjoin a state-wide class of Louisiana district attorneys from enforcing an unconstitutional statute. This injunctive and declaratory suit presents a textbook case for resolution by use of a Rule 23(b)(2) defendant class: Plaintiffs' constitutional claims are uniform

against every class member and can be resolved all at once in a single case. *See Redhail*, 418 F. Supp. at 1066.

### B. The Defendant Class Also Meets the Four Prerequisites of Rule 23(a)

#### 1. Numerosity

Rule 23(a)(1) requires that "the class is so numerous that joinder of all members is impracticable." The proposed defendant class meets this standard. There are 41 district attorneys in the State of Louisiana. Joinder of each would be impracticable given the extreme logistical difficulties presented by each appearing in this case. *See Baker*, 553 F. Supp. at 1125, n.1 (class of "several hundred public prosecutors" who can enforce a law is sufficiently numerous); *Marcera*, 595 F.2d at 1238 (noting that 42 sheriffs satisfy numerosity requirement).

#### 2. Commonality

The proposed defendant class also satisfies Rule 23(a)(2)'s requirement that "there are questions of law or fact common to the class." "The test for commonality is not demanding," and "[a]ll that is required for each class is that there is one common question of law or fact." *James v. City of Dallas, Texas*, 254 F.3d 551, 570 (5th Cir. 2001) (quoting *Mullen v. Treasure Chest Casino, LLC*, 186 F.3d 620, 625 (5th Cir. 1999)).

Here, all members of the defendant class are charged with enforcing the same unconstitutional law. In Louisiana, the district attorney "has entire charge and control of every criminal prosecution instituted or pending in his district, and determines whom, when, and how he shall prosecute." La. Code Crim. P. art. 61; *State v. Perez*, 464 So. 2d 737, 742 (La. 1985). Indeed, "[t]he district attorney is given absolute discretion in the institution of criminal charges." *Perez*, 464 So. 2d at 742. Accordingly, each district attorney has the statutory authority to enforce the unconstitutional Act in his or her district. In addition, Plaintiffs' legal grounds for challenging the law — violations of the due process and free speech rights under the First and

7

Fourteenth Amendments — are the same for each member of the class. *See Baker*, 553 F. Supp. at 1125 n.1 (noting that challenge against enforcement of unconstitutional law by all members of class satisfies commonality requirement). Thus, the commonality requirement is satisfied.

3. **Typicality**

The defendant class also satisfies Rule 23(a)(3)'s requirement that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Again, this requirement is "'not demanding. It focuses on the similarity between the named [parties'] legal and remedial theories and the theories of those whom they purport to represent.'" *James*, 254 F.3d at 571 (quoting *Mullen*, 186 F.3d at 625). Here, the legal theory and defenses of defendant Moreau will be the same as any legal theory or defense offered by any member of the class. Because Plaintiffs maintain that the Act is facially unconstitutional, there are no factual differences between each class member that would require a different legal analysis for each class member. Therefore, the typicality requirement is satisfied. *See also Baker*, 553 F. Supp. at 1125, n.1 (enforcement of unconstitutional law by all members of class satisfies typicality requirement).

4. **Adequacy of representation**

Rule 23(a)(4) requires a showing that "the representative parties will fairly and adequately protect the interests of the class." Defendant Moreau has the same interest in the defense of a law that he is given the power and responsibility to enforce under Louisiana law as any other District Attorney. "Differences between named [parties] and class members render the named [parties] inadequate representatives *only* if those differences create conflicts between the named [parties'] interests and the class members' interest." *James*, 254 F.3d at 571 (quoting *Mullen*, 186 F.3d at 625-6) (emphasis added). Because all of the district attorneys' interests are

aligned in enforcing the law, defendant Moreau is an adequate representative. *See Baker*, 553 F. Supp. at 1125 n.1 (finding named district and county attorneys adequate representatives).[5]

### C. Plaintiffs Are Providing Notice to Class Members in Compliance With the Court's Order.

Pursuant to the Court's Order, Plaintiffs are hereby providing notice of this action to all District Attorneys in the State of Louisiana. PI Order at 9. A representative notice, without attachments, is attached hereto as Exhibit A. As described in the notice, Plaintiffs are providing each District Attorney with the most relevant documents filed in connection with this action, including a copy of: this Motion for Class Certification and accompanying Memorandum, the Complaint, the Memorandum in Support of Plaintiffs' Motion for Preliminary Injunction (along with the supporting Declarations of Douglas Lowenstein, Crossan R. Andersen, Ted Price, and Mathew Hellman), Defendant Charles C. Foti, Jr.'s Memorandum in Opposition to Plaintiffs' Request for Injunctive Relief, the Court's August 24, 2006 Order, and Plaintiffs' pending Motion for Summary Judgment and related papers. Plaintiffs also request an expeditious hearing on the motion for class certification.

## III. CONCLUSION

The Court should certify a defendant class of all Louisiana district attorneys under Rule 23(b)(2) because the conduct here is uniform, Plaintiffs seek injunctive and declaratory relief against the defendant class, and the class satisfies each of Rule 23(a)'s requirements.

---

[5] The Attorney General has suggested that the typicality and adequacy of representation requirements are not met because other District Attorneys may offer different arguments in support of the Act. Def's Mem. on Defendant Class Issue at 3-4, 6. This overlooks the applicable legal standards, which require only that the general legal theories applicable to the claims against Defendant Moreau be typical of those of other class members and that Defendant Moreau be adequately positioned to defend the law, as discussed above. Moreover, any additional concerns that District Attorneys' interests are not adequately represented are misplaced in light of (1) the Attorney General's defense of the Act on behalf of the State, which will continue given that the Attorney General remains a party to the declaratory judgment action, and (2) the notice hereby given to all members of the defendant class of this action.

Respectfully submitted,

_____
James A. Brown, T.A. (Bar #14101)
George Denegre, Jr. (Bar #8387)
LISKOW & LEWIS
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, LA 70139-5099
Telephone:	(504) 581-7979
Facsimile:	(504) 556-4108

and

Paul M. Smith
Katherine A. Fallow
Matthew S. Hellman
Duane C. Pozza
JENNER & BLOCK LLP
601 13th Street, NW, Suite 1200
Washington, DC 20005
Telephone:	(202) 639-6000
Facsimile:	(202) 639-6066

Attorneys for Entertainment Software Association
and Entertainment Merchants Association

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing pleading has been served upon Charles C. Foti, Jr., in his official capacity as Attorney General of the State of Louisiana and Doug Moreau, in his official capacity as District Attorney for the Parish of Baton Rouge, by facsimile this 30 day of August 2006.

_____

634860_1.doc