IN THE UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ENTERTAINMENT SOFTWARE ASSOCIATION AND ENTERTAINMENT MERCHANTS ASSOCIATION, | * * * * | CIVIL ACTION NO. 06-431-JJB-CN |
| Plaintiffs, | * * | |
| vs. | * * | SECTION "D" |
| CHARLES C. FOTI, JR., in his official capacity as Attorney General of the State of Louisiana; and DOUG MOREAU, in his official capacity on behalf of himself as District Attorney for the Parish of East Baton Rouge, and on behalf of a class of similarly situated individuals in their official capacities. | * * * * * * * * * | JUDGE BRADY<br><br>MAGISTRATE JUDGE NOLAND |
| Defendants. | * | |

## JOINT STATUS REPORT

Plaintiffs Entertainment Software Association and Entertainment Merchants Association (collectively, "Plaintiffs") and Defendants Charles C. Foti, Jr., Attorney General of the State of Louisiana, and Doug Moreau, District Attorney for the Parish of East Baton Rouge (collectively, "Defendants") hereby submit the following Status Report pursuant to the Court's June 28, 2006, Order.

A. **JURISDICTION:**

What is the basis for the jurisdiction of the Court?

Plaintiffs: This action arises under the Constitution of the United States, the First and Fourteenth Amendments thereto, and the laws of the United States, 42 U.S.C. §§ 1983 and 1988, and 28 U.S.C. §§ 2201 and 2202. This Court has federal question jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1343(a)(3).

Dockets.Justia.

## B.  BRIEF EXPLANATION OF THE CASE:

1.  Plaintiffs' claims: Plaintiffs are seeking entry of a declaratory judgment and a permanent injunction preventing Defendants and their officers, employees, and representatives from enforcing La. R.S. 14:91.14 (hereinafter, the "Act"). On June 16, 2006, the Court temporarily enjoined enforcement of the Act, and on August 24, 2006, the Court entered a preliminary injunction against Defendant District Attorney Doug Moreau prohibiting enforcement of the Act, finding that the Plaintiffs were likely to succeed on their constitutional claims. The Act imposes a content-based restriction on video games by regulating games that depict violence in a certain way. Thus, the Act violates the First and Fourteenth Amendments to the United States Constitution, and should be declared unconstitutional and permanently enjoined from enforcement statewide.

2.  Defendants' claims: Defendants contend that the Act is constitutional and does not violate the First and Fourteenth Amendments of the United States Constitution.

## C.  PENDING MOTIONS:

List any pending motion(s), the date filed and the basis of the motion(s):

The Plaintiffs have filed the following motions, pursuant to the Court's order at the August 15, 2006 status conference (Doc. #36), and the Court's August 24, 2006 Ruling (Doc. #40) and accompanying August 31, 2006 Order (Doc. #48):

(1) Plaintiffs' Motion for Summary Judgment, filed August 30, 2006: Plaintiffs submit that there are no material facts in dispute and that the Court should grant summary judgment in their favor as a matter of law, and issue a declaratory judgment against the Attorney General and the class of all District Attorneys in the State of Louisiana finding the Act unconstitutional and enjoin the class of all District Attorneys in the State of Louisiana from enforcing the Act.

(2) Plaintiffs' Motion for Class Certification, filed August 30, 2006: Plaintiffs submit that the Court should certify a Defendant Class of all District Attorneys in the State of Louisiana in their official capacities, because the proposed class meets and surpasses all the requisites of Federal Rule of Civil Procedure 23(a) and 23(b)(2).

## D.  ISSUES:

List the principal legal issues involved and indicate whether or not any of those issues are in dispute:

**Plaintiffs**: (1) *The Act Violates the First Amendment.* The Act restricts protected expression and triggers – and fails – strict scrutiny, as every court to have considered a similar ban on "violent" video games has held, and this Court has preliminarily held. *See* Ruling on Motion for Preliminary Injunction and Motion to Dismiss (August 24, 2006) (Doc. #40); *Interactive Digital Software Ass'n v. St. Louis County*, 329 F.3d 954 (8th Cir. 2003); *American Amusement Mach. Ass'n v. Kendrick*, 244 F.3d 572 (7th Cir.), *cert. denied*, 534 U.S. 994 (2001);

*Entertainment Software Ass'n v. Hatch*, -- F. Supp. 2d --, 2006 WL 2162302 (D. Minn. July 31, 2006); *Entertainment Software Ass'n v. Granholm*, 426 F. Supp. 2d 646 (E.D. Mich. 2006); *Video Software Dealers Ass'n v. Schwarzenegger*, 401 F. Supp. 2d 1034 (N.D. Cal. 2005) (preliminary injunction); *Entertainment Software Ass'n v. Blagojevich*, 404 F. Supp. 2d 1051 (N.D. Ill. 2005); *Video Software Dealers Ass'n v. Maleng*, 325 F. Supp. 2d 1180 (W.D. Wash. 2004).

(2) *The Act Is Unconstitutionally Vague.* The Act's definition of which "violent" video games are prohibited fails to give reasonable notice of what conduct is prohibited and therefore violates the Due Process Clause, as this Court has preliminary held. *See* Ruling on Motion for Preliminary Injunction and Motion to Dismiss (August 24, 2006) (Doc. #40). Other courts have found similar definitions of "violent" video games to be unconstitutionally vague. *See Blagojevich*, 404 F. Supp. 2d at 1077; *Maleng*, 325 F. Supp. 2d at 1190-91; *Granholm*, 426 F. Supp. 2d at 655-56.

**Defendants**: Defendants contend that the Act does not unconstitutionally restrict protected expression and is constitutional under the First Amendment. Defendants further contend that the Act is not unconstitutionally vague and does not violate the Due Process Clause.

E. **DAMAGES:**

Separately, for each party who claims damages or an offset, set forth the computation of damages or the offset:

1. Plaintiffs' calculation of damages: Plaintiffs are not requesting damages.[1]

2. Defendants' calculation of offset and/or Plaintiffs' damages: None.

3. Counter claimant/cross claimant/third party's calculation of damages: Not applicable.

F. **SERVICE:**

Identify any unresolved issues as to waiver or service of process, personal jurisdiction, or venue: None.

G. **DISCOVERY:**

1. Have the initial disclosures required under FRCP 26(a)(1) been completed?

   [ ] YES     [ X ] NO

---

[1] Plaintiffs are reserving their right to move for their attorneys' fees and costs pursuant to 42 U.S.C. § 1988, as requested in the Complaint, after entry of summary judgment, in accordance with Federal Rule of Civil Procedure 54(d)(2) and Local Rule 54.

A. Do any parties object to initial disclosures?

[ X ] YES   [ ] NO

For any party that answered *yes*, please explain your reasons for objecting.

See below.

B. Please provide any stipulations reached by the parties with regard to FRCP 26(a)(1) initial disclosures.

The parties agree that Rule 26(a)(1) initial disclosures need not be filed until such time that the Court rules on Plaintiffs' pending motions filed pursuant to the Court's orders. The parties further agree that the parties will submit a proposed scheduling order for the Court's review, if necessary, following the Court's resolution of the pending motions.

2. Briefly describe any discovery that has been completed or is in progress:

By Plaintiffs: None.

By Defendants: None. The parties have discussed the possibility of plaintiffs responding to a very limited interrogatory, but have yet to reach agreement.

3. Please describe any protective order or other limitations on discovery that may be required / sought during the course of discovery. (For example: are there any confidential business records or medical records that will be sought? Will information that is otherwise privileged be at issue?).

The parties agree that a protective order need not be addressed until such time that the Court rules on Plaintiffs' pending motions filed pursuant to the Court's orders. The parties further agree that the parties will submit a proposed protective order for the Court's review, if necessary, following the Court's resolution of the pending motions.

4. Discovery from Experts:

Identify the subject matter(s) as to which expert testimony will be offered by:

The parties agree that expert testimony need not be addressed until such time that the Court rules on Plaintiffs' pending motions filed pursuant to the Court's orders.

H. **PROPOSED SCHEDULING ORDER:**

The parties agree that no deadlines need to be set by a scheduling order until such time that the Court rules on Plaintiffs' pending motions filed pursuant to the Court's orders.

Instead, discovery should be stayed while Plaintiffs' motions are pending, because the need for discovery may be mooted by the Court's ruling on the pending motions. The parties further agree that the parties will submit a proposed scheduling order for the Court's review, if necessary, following the Court's resolution of the pending motions.

I.  **TRIAL**

    1.    Has a demand for a trial by jury been made?

        [ ] YES    [ X ] NO

    2.    Estimate the number of days that trial will require.

        The parties agree that no trial schedule needs to be set until such time that the Court rules on Plaintiffs' pending motions filed pursuant to the Court's orders. The parties further agree that the parties will submit a proposed scheduling order for the Court's review, if necessary, following the Court's resolution of the pending motions.

J.  **OTHER MATTERS:**

Are there any specific problems the parties wish to address at the scheduling conference?

    [ ] YES    [ X ] NO

Do the parties want the Court to cancel the scheduling conference and enter a Scheduling Order based on the deadlines set out in this report?

    [ X ] YES    [ ] NO

The parties request that the Court cancel the scheduling conference and, for the reasons given above, defer entering a scheduling order until such time that the Court rules on Plaintiffs' pending motions.

    K.    ALTERNATIVE DISPUTE RESOLUTION ("ADR")

        1.    Do the parties wish to engage in alternative dispute resolution proceedings?

            [ ] YES    [ X ] NO

    L.    SETTLEMENT

        1.    Please set forth what efforts, if any, the parties have made to settle this case.

The parties agree that this case is not amenable to settlement.

2. Do the parties wish to have a settlement conference?

[ ] YES     [ X ] NO

M. CONSENT TO JURISDICTION BY A MAGISTRATE JUDGE:

All parties agree to jurisdiction by a Magistrate Judge of this Court:

[ ] YES     [ X ] NO

Dated: September 28, 2006

Respectfully submitted,

/s/

James A. Brown, T.A. (Bar #14101)
George Denegre, Jr. (Bar #8387)
LISKOW & LEWIS
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, LA 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108

and

Paul M. Smith
Katherine A. Fallow
Matthew S. Hellman
Duane C. Pozza
JENNER & BLOCK LLP
601 13th Street, NW, Suite 1200
Washington, DC 20005
Telephone: (202) 639-6000
Facsimile: (202) 639-6066

*Attorneys for Plaintiffs*

637640_1.DOC