IN THE UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| ENTERTAINMENT SOFTWARE ASSOCIATION AND ENTERTAINMENT MERCHANTS ASSOCIATION, | * * * * | |
|---|---|---|
| Plaintiffs, | * * | CIVIL ACTION NO. 06-431-JJB-CN |
| vs. | * * | |
| CHARLES C. FOTI, JR., in his official capacity as Attorney General of the State of Louisiana; and DOUG MOREAU, in his official capacity on behalf of himself as District Attorney for the Parish of East Baton Rouge, and on behalf of a class of similarly situated individuals in their official capacities, | * * * * * * * * * | SECTION "D"  Judge James J. Brady |
| Defendants. | * | |

## PLAINTIFFS' BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS

Pursuant to 42 U.S.C. § 1988, 28 U.S.C. § 1920, Fed. R. Civ. P. 54(d), and Local Rule 54.2 and 54.3, Plaintiffs, by their attorneys, respectfully move this Court for an order granting attorneys' fees, expenses, and costs to Plaintiffs, as the prevailing party in their First Amendment challenge to La. R.S. 14:91.14 ("the Act"). The Act would have criminalized the sale or rental to minors of certain "violent" video games, as defined by the Act. This Court granted Plaintiffs' motions for preliminary relief and subsequently invalidated the Act, declaring it unconstitutional and enjoining its enforcement throughout the State. In light of the significant degree of success achieved by Plaintiffs, and based on this motion, the attached supporting materials, and the record in this case, Plaintiffs ask that they be awarded a total of $145,871.25 in fees and costs.

## BACKGROUND

Plaintiffs brought this case under 42 U.S.C. § 1983, seeking declaratory and injunctive relief against enforcement of the Act, a Louisiana statute that, among other things, sought to impose penalties on any person who "sold, leased, or rented to a minor" what the Act defined as "prohibited" video game. La. R.S. 14:91.14(A), (B). A prohibited game was one that "appeals to a minor's morbid interest in violence," was "patently offensive to prevailing standards," and that "lacks serious literary, artistic, political, or scientific value for minors." *Id.* 14:91.14(A). Plaintiffs' principal claim was that the restriction on the sale or rental of these games violated the First Amendment of the United States Constitution and was unconstitutionally vague.

Because the Act was immediately effective, Plaintiffs requested a temporary restraining order against enforcement of the Act the day after it was signed into law. The court granted the motion for a TRO on June 16, 2006. On August 24, 2006, this Court granted a preliminary injunction against Defendant Moreau, finding that the Act likely violated the First and Fourteenth Amendments. *Entertainment Software Ass'n v. Foti*, 451 F. Supp. 2d 823 (M.D. La. 2006). The Court held that the Attorney General could be sued for declaratory, but not injunctive, relief, and permitted the Plaintiffs to file a motion to certify a defendant class of all District Attorneys in the State. At a hearing held on November 29, the Court granted summary judgment in favor of the Plaintiffs, for the reasons stated in its Order granting the preliminary injunction. The Court also granted Plaintiffs' motion for class certification, and certified a class of all District Attorneys in Louisiana. On December 4, 2006, the Court entered a final Judgment holding the Act unconstitutional and granting declaratory relief against Defendants Foti and Moreau, and ordering a permanent injunction against Defendant Moreau and the defendant class.

Plaintiffs now seek attorneys' fees, expenses, and costs against the Defendants, jointly and severally, for Plaintiffs' successful prosecution of this action.

## ARGUMENT

Having succeeded on their challenge to the Act, Plaintiffs are now entitled to their attorneys' fees, expenses, and costs, under 42 U.S.C. § 1988, 28 U.S.C. § 1920, and Fed. R. Civ. P. 54(d). Section 1988 authorizes an award of a "reasonable attorney's fee as part of its costs" to the "prevailing party" in a 42 U.S.C. § 1983 action. 42 U.S.C. § 1988(b). As the Fifth Circuit has emphasized, a "prevailing plaintiff 'should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust.'" *Hopwood v. Texas*, 236 F.3d 256, 278 (5th Cir. 2000) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983)).

Here, Plaintiffs' action was brought under § 1983 to vindicate important First Amendment rights. *See* Compl. ¶¶ 43-47. They requested an award of attorneys' fees and costs in their Complaint. *See id.* ¶ 55. Plaintiffs' victory was both complete and foreseeable. Plaintiffs twice testified before the Louisiana Legislature that the Act was unconstitutional in light of the numerous recent rulings striking down similar laws, Lowenstein Declaration ¶¶ 15-18, Attachment 1 to Plaintiffs' Motion for Preliminary Injunction, and that the State would be liable for attorneys' fees incurred in a successful legal challenge to the Act. *E.g.*, *Entertainment Software Ass'n v. Granholm*, 426 F. Supp. 2d 646 (E.D. Mich. 2006); *Entertainment Software Ass'n v. Blagojevich*, 404 F. Supp. 2d 1051 (N.D. Ill. 2005). The Legislature nevertheless passed the law, making it effective immediately so that Plaintiffs had to file their lawsuit the day after enactment and seek a temporary restraining order, followed by a motion for a preliminary injunction. In its ruling granting the preliminary injunction, this Court concluded that the Act restricted protected speech, triggered and failed strict scrutiny, and was unconstitutionally vague.

Thereafter, Plaintiffs filed motions for summary judgment and class certification. This Court then held the challenged provisions unconstitutional, entered judgment for Plaintiffs, and granted them full relief, declaring the Act void and enjoining its enforcement throughout the State. In short, Plaintiffs obtained the highest degree of success in a case involving important First Amendment rights. Plaintiffs are therefore entitled to the requested award.

I.  **PLAINTIFFS ARE ENTITLED TO THE REQUESTED FEES AND COSTS.**

   A.  **Plaintiffs Are The Prevailing Party.**

   There is no question that Plaintiffs are a "prevailing party" within the meaning of 42 U.S.C. § 1988(b). They have received *all* of the relief sought in this action – namely a declaration that the Act is unconstitutional and an injunction preventing its enforcement throughout the State. Because Plaintiffs have "obtain[ed] actual relief on the merits of [their] claim" that "materially alters the relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff," *Farrar v. Hobby*, 506 U.S. 103, 111 (1992), they are a "prevailing party." *See, e.g., Doe v. Santa Fe Independent School Dist.*, 168 F.3d 806, 823 (5th Cir. 1999) ("To be a 'prevailing party', a party must 'succeed on any significant issue in the litigation which achieves some of the benefit the parties sought in bringing suit.'") (quoting *Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 791 (1992)).

   B.  **Plaintiffs' Fees Are Reasonable.**

   The fees and costs that Plaintiffs seek are reasonable for litigation of this scope. An award of attorneys' fees is calculated using the lodestar method, which is determined by multiplying "the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Blum v. Stenson*, 465 U.S. 886, 888 (1984); *see also Hensley v. Eckerhart*, 461

U.S. 424, 433 (1983). The lodestar "is presumed to be the reasonable fee," *Blum*, 465 U.S. at 888, and "includes most, if not all, of the relevant factors constituting a reasonable attorneys' fee." *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 566 (1986); *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992) (noting that there is a "strong presumption" favoring the prevailing lawyer's entitlement to his lodestar fee"). Here, Plaintiffs seek the lodestar figure, without any adjustments. As explained further below, the award sought by Plaintiffs is reasonable and should be allowed in full.

1. **Given the High Degree of Success Obtained by Plaintiffs, They Are Entitled to Recoup All of the Fees They Incurred in this Appeal.**

Plaintiffs prevailed on the entirety of their constitutional challenge and obtained permanent declaratory and injunctive relief against enforcement of an unconstitutional law. In light of Plaintiffs' complete success in this case, they are entitled to be reimbursed for the full amount of fees they spent in prosecuting their challenge. Indeed, "[t]he most critical factor in determining a fee award is the 'degree of success obtained.'" *Romaguera v. Gegenheimer*, 162 F.3d 893, 896 (5th Cir. 1998) (quoting *Hensley*, 461 U.S. at 436). Accordingly, the "proper measure" of the fee award turns on "the *degree* of the plaintiff's overall success in relation to the other goals of the lawsuit." *Id.* at 708 (citing *Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 790 (1989)). Further, awarding fees to the prevailing party in a lawsuit who has "vindicat[ed] important . . . First Amendment rights . . . serve[s] the 'private attorneys general' role which Congress meant to promote in enacting § 1988." *Santa Fe Independent School Dist.*, 168 F.3d at 823 (quoting *Garland*, 489 U.S. at 793).

Here, the "most critical factor" weighs heavily in Plaintiffs' favor. This case involved important First Amendment principles, as the Act passed by the State of Louisiana threatened the free speech rights of video game creators, publishers, and distributors, as well as video game

players. *See Foti*, 451 F. Supp. 2d at 829-30. Plaintiffs prevailed on every aspect of their constitutional claims. In doing so, Plaintiffs vindicated important First Amendment rights and enjoined enforcement of an unconstitutional law. In other words, Plaintiffs achieved the maximum degree of success in relation to their goals in this lawsuit.[1] A full award of fees on appeal is therefore more than justified.

### 2. Plaintiffs Seek Compensation For A Reasonable Number of Hours.

Plaintiffs are seeking compensation for the hours and legal work listed in the edited invoices attached as Attachment A to the Declaration of Katherine A. Fallow (Exhibit 1) ("Fallow Decl.") and the edited invoices attached as Attachment A to the Declaration of James A. Brown ("Brown Decl.") (Exhibit 2). These fees pertain to work performed by Plaintiffs' attorneys throughout the course of this litigation, which included, among other things: preparing and filing a complaint; preparing and filing a motion for a temporary restraining order; preparing and filing a motion for a preliminary injunction, including declarations; preparing and filing a reply brief in support of the motion; preparing and presenting oral argument on the preliminary injunction; preparing and filing a motion for summary judgment; preparing and presenting oral argument. Fallow Decl. ¶ 6. In addition, counsel was required to prepare and file papers, as well as present oral argument, on the issue of certifying a class of district attorneys, as no one State officer was charged with enforcement of the Act throughout the State.

Given the significant and specialized legal questions at issue in this case, Plaintiffs acted reasonably in retaining attorneys from the Washington, D.C. office of Jenner & Block LLP, who

---

[1] Although this Court granted the Attorney General's motion to dismiss as to Plaintiffs' request for injunctive relief, the Court denied the motion to dismiss in all other respects. More importantly, the Court *granted* the primary substantive relief sought by Plaintiffs – an injunction prohibiting the enforcement of the unconstitutional Act throughout the State of Louisiana. Therefore, Plaintiffs fully prevailed on their claims.

have extensive experience with First Amendment law generally, and with challenges to restrictions on video games in particular. Fallow Decl. ¶¶ 3-5, 7-10. Jenner & Block has represented video game companies and associations in every previous attempt to regulate video game expression based on its "violent" content, including the cases before the Sixth, Seventh and Eighth Circuits, as well as in numerous federal district court cases, most recently in Illinois, California, Michigan, and Minnesota. Fallow Decl. ¶¶ 3-5, 7-10. Because these other cases presented substantially similar issues of law and expert opinion, the Jenner & Block attorneys were able to bring the already significant amount of research, analysis, and expert opinions they had recently developed in the Illinois case to bear in this case. In light of these efficiencies, Plaintiffs acted reasonably in choosing to retain Jenner & Block in this matter. *See* Fallow Decl. at ¶ 4-5.

To avoid unnecessary or duplicative work or the inefficient use of resources, Plaintiffs' counsel allocated responsibility in this case among several different attorneys, according to the experience and expertise of each attorney. Fallow Decl. ¶¶ 2, 6. Jenner & Block appropriately staffed this case in its Washington, D.C. office with a senior partner (Paul M. Smith), a junior partner (Katherine A. Fallow), and a mid-level associate (Duane Pozza), with limited amounts of assistance as necessary from other associates (Matthew S. Hellman and Elizabeth Valentina), each of whom did work matched to their level of experience. Fallow Decl. ¶¶ 2, 7-9; Att. A.

In addition, based on their years of experience litigating a variety of cases within this judicial district, James A. Brown and George Denegre, Jr. of Liskow & Lewis's New Orleans office assumed primary responsibility for filings, certain logistical matters, the preparation of certain motions, and appearing before the court on the application for a temporary restraining order and other matters. Brown Decl. ¶ 3. Liskow & Lewis also contributed to the substantive

aspects of the case, including the development of Plaintiffs' legal strategy. Fallow Decl. ¶¶ 2; Brown Decl. ¶¶ 3. Liskow & Lewis also appropriately staffed this case, with Messrs. Brown and Denegre assisted in these substantial duties by associates where appropriate. Brown Decl. ¶¶ 4-10.

Following entry of judgment against Defendants, preparation of the fee petition was accomplished by partner Katherine A. Fallow with the assistance of associate Matthew S. Hellman, each of whom performed discrete tasks in preparing and filing the petition. Fallow Decl. ¶¶ 13, 15, 17.

Based on contemporaneous time records, the Jenner & Block attorneys and paralegal staff spent the following hours working on this case (as indicated in detail in Fallow Decl. ¶ 18 and Att. A):

| ATTORNEY | HOURS |
|---|---|
| Paul M. Smith | 17.5 |
| Katherine A. Fallow | 74.5 |
| Duane Pozza | 55.0 |
| Elizabeth Valentina | 33.75 |
| Matthew S. Hellman | 15.0 |

| NON-ATTORNEY STAFF | HOURS |
|---|---|
| Cheryl L. Olson | 3.25 |
| Helder G. Agostinho | 4.5 |

Based on contemporaneous time records, the Liskow & Lewis attorneys and paralegal staff spent the following hours working on this case (as indicated in detail in Brown Decl. ¶ 12 and Att. A):

| ATTORNEY | HOURS |
|---|---|
| James A. Brown | 95.70 |
| George Denegre, Jr. | 97.75 |
| John C. Anjier | 2.75 |
| Brian A. Jackson | 0.25 |
| Katherine S. Roth | 1.25 |
| Jason R. Johanson | 28.75 |

| | |
|---|---|
| Joe I. Giarrusso | 0.75 |

| NON-ATTORNEY STAFF | HOURS |
|---|---|
| Elizabeth M. Cass | 31.50 |
| J. Leo Davis | 2.75 |

Plaintiffs' attorneys have reviewed the time records summarized above and reprinted in Attachment A to the Fallow Declaration and Attachment A to the Brown Declaration. These records already exclude time for which the firm did not feel it was appropriate to bill Plaintiffs during the course of the litigation, and also exclude additional hours to ensure that compensation is not sought for work that might be deemed as properly excluded from a court-ordered fee award. Fallow Decl. ¶¶ 14-15. For example, Plaintiffs do not request compensation for activity that, although necessary for client relations, did not directly contribute to the litigation itself. Plaintiffs also do not seek a fee enhancement based on Jenner & Block's considerable expertise and experience in this area. In addition, Plaintiffs do not seek fees for the work of in-house counsel for the ESA, who was involved extensively in all aspects of this case, including the crafting of Plaintiffs' legal arguments and review of all briefs and papers filed in this Court. The hours that remain after the attorneys' review of the time records were reasonably expended to accomplish the tasks necessary for this litigation. *See* Fallow Decl. ¶ 15; Brown Decl. ¶ 14.

2.  **Plaintiffs Seek Reasonable Hourly Rates for Their Attorneys.**

For the time period relevant to this application, the usual hourly rates for the Jenner & Block attorneys and paralegal staff – reflecting, among other things, their years of practice and experience – were (*see* Fallow Decl. ¶¶ 11-12):

| ATTORNEY | RATE |
|---|---|
| Paul M. Smith | $600 |
| Katherine A. Fallow | $450 |
| Duane Pozza | $325 |
| Elizabeth Valentina | $265 |

| | |
|---|---|
| Matthew S. Hellman | $325 |

| NON-ATTORNEY STAFF | RATE |
|---|---|
| Cheryl L. Olson | $225 |
| Helder G. Agostinho | $125 |

These are the same hourly rates charged by Jenner & Block to Plaintiffs in this and other cases. *See* Fallow Decl. ¶ 12. These rates are similar to prevailing market rates charged by attorneys of comparable experience and expertise. *See id.* These are also the rates charged by these attorneys for paying clients in other cases. *See id.* While the rates reflect Washington, D.C. rather than local rates, this Court may award fees based on out-of-town rates where such an award is reasonable. *E.g., Feinberg v. Hibernia*, 966 F. Supp. 442, 446-47 (E.D. La. 1997) (awarding fees based on New York rates to New York counsel).

Washington rates are amply justified here given the Jenner & Block attorneys' intimate familiarity with the specialized subject matter of the litigation. That familiarity allowed them to handle the matter with far greater efficiency and productivity than would local counsel who lacked such expertise. *See* Fallow Decl. ¶¶ 3, 4, 5, 11; *Leroy v. City of Houston*, 906 F.2d 1068, 1079 (5th Cir. 1990) (noting the "common sense truth that as between attorneys competent to handle a given task, generally the one who is entitled to higher hourly compensation because of greater experience and skill may reasonably be expected to accomplish the task in fewer hours"); *Northcross v. Bd. of Ed. of the Memphis City Schools*, 611 F.2d 624, 637 (6th Cir. 1979) ("[T]he attorneys' intimate familiarity with the issues . . . undoubtedly meant that their time was far more productive . . . than . . . that of a local attorney with less expertise."). In sum, Plaintiffs' engagement of Jenner & Block in this matter was both reasonable and efficient, giving no basis to depart from the "'strong presumption' that the lodestar represents the 'reasonable' fee. *City of*

*Burlington v. Dague*, 505 U.S. 557, 562 (1992) (quoting *Delaware Valley Citizens' Council for Clean Air*, 478 U.S. at 565).

For the time period relevant to this application, the usual hourly rates for the Liskow & Lewis – reflecting, among other things, their years of practice and experience – were (*see* Brown Decl. ¶ 11):

| ATTORNEY | RATE |
|---|---|
| James A. Brown | $270 |
| George Denegre, Jr. | $260 |
| John C. Anjier | $230 |
| Brian A. Jackson | $255 |
| Katherine S. Roth | $170 |
| Jason R. Johanson | $160 |
| Joe I. Giarrusso | $170 |
| | |
| NON-ATTORNEY STAFF | RATE |
| Elizabeth M. Cass | $90 |
| J. Leo Davis | $90 |

These are the same hourly rates the Liskow & Lewis attorneys customarily charged clients for services by the listed attorneys at the time when these services were rendered on behalf of Plaintiffs in this case. *See* Brown Decl. ¶ 10. These rates are similar to prevailing market rates charged by attorneys of comparable experience and expertise. *See id.* These are also the rates charged by these attorneys for paying clients in other cases. *See id.*

Because the rates sought here are the actual rates that Plaintiffs' counsel charge their private paying clients, including Plaintiffs, the rates are presumptively correct. *See Islamic Center of Mississippi, Inc., v. City of Starkville, Miss.*, 876 F.2d 465, 469 (5th Cir. 1990) (where counsel asks for his "customary billing rate . . . the court should consider this rate when fixing the hourly rate to be allowed"). The Supreme Court has emphasized that "[w]here a plaintiff has obtained excellent results, his attorney should recover a full compensatory fee." *Hensley*, 461

11

U.S. at 435. Plaintiffs have in fact achieved excellent results, and so a "full compensatory fee" is warranted.

### C. Plaintiffs Are Entitled To The Requested Expenses And Costs.

With regard to expenses and costs, the edited invoices attached to the Fallow and Brown Declarations detail the out-of-pocket expenses incurred. These expenses were necessarily incurred and are the type of out-of-pocket expenses normally billed to fee-paying clients. As such, they are recoverable as part of Plaintiffs' attorneys' fees. *See West Virginia Univ. Hosp., Inc. v. Casey*, 499 U.S. 83, 87 n.3 (1991). Additional documentation of these expenses and costs is attached to the Fallow Declaration and the Brown Declaration.

## II. PLAINTIFFS' AWARD SHOULD EQUAL $145,871.25.

Multiplying the time worked by each attorney by the hourly rates for each year yields the following calculation (*see* Fallow Decl. ¶ 11, 15, Att. A; Brown Decl. ¶¶ 10, 12, Att. A):

**JENNER & BLOCK**

| ATTORNEYS | RATE | HOURS | TOTAL |
|---|---|---|---|
| Paul M. Smith | $600 | 17.5 | $10,500.00 |
| Katherine A. Fallow | $450 | 74.5 | $33,525.00 |
| Duane Pozza | $325 | 55.0 | $17,875.00 |
| Elizabeth Valentina | $265 | 33.75 | $8,943.75 |
| Matthew S. Hellman | $325 | 15.0 | $4,875.00 |

| NON-ATTORNEY STAFF | RATE | HOURS | TOTAL |
|---|---|---|---|
| Cheryl L. Olson | $225 | 3.25 | $731.25 |
| Helder G. Agostinho | $125 | 4.5 | $562.50 |

**JENNER & BLOCK SUBTOTAL:** $ 77,012.50

**LISKOW & LEWIS**

| ATTORNEYS | RATE | HOURS | TOTAL |
|---|---|---|---|
| James A. Brown | $270 | 95.70 | 25,839.00 |
| George Denegre, Jr. | $260 | 97.75 | 25,415.00 |

| John C. Anjier | $230 | 2.75 | 632.50 |
|---|---|---|---|
| Brian A. Jackson | $255 | 0.25 | 63.75 |
| Katherine S. Roth | $170 | 1.25 | 212.50 |
| Jason R. Johanson | $160 | 28.75 | 4,600.00 |
| Joe I. Giarrusso | $170 | 0.75 | 127.50 |
| | | | |
| **NON-ATTORNEY STAFF** | **RATE** | **HOURS** | **TOTAL** |
| Elizabeth M. Cass | $90 | 31.50 | 2,835.00 |
| J. Leo Davis | $90 | 2.75 | 247.50 |

**LISKOW & LEWIS SUBTOTAL:** $ 59,972.75

**ALL FEES SUBTOTAL:** $ 136,985.25

Plaintiffs also seek reimbursement for associated expenses in this case in the amount of $8,886.25 ($3,968.95 for Jenner & Block, and $4,917.30 for Liskow & Lewis), an amount that encompasses all "costs" as defined by 28 U.S.C. § 1920 and Fed. R. Civ. P. 54(d), as well as other disbursements that were billed to and paid by Plaintiffs as a component of attorneys' fees. *See* Fallow Decl., Att. A; Brown Decl. Atts. A & B.

Adding fees and expenses, Plaintiffs request a total compensation of $145,871.25. The fees and expenses are substantiated by the exhibits attached to this brief.

Finally, Plaintiffs are also entitled to reimbursement for the fees and costs expended in preparing and litigating this fee petition. *E.g., Johnson v. State of Miss.*, 606 F.2d 635, 638 (5th Cir. 1979). The amount listed above does not include fees for work incurred in preparing the fee petition, because those fees have not yet been billed. The amount above also does not include a small amount of compensable fees and costs that have not yet been invoiced by Jenner & Block. Plaintiffs will supplement their petition when those records become available. Plaintiffs will also submit the receipts for disbursements billed already (*e.g.*, for travel) as soon as those become available.

## CONCLUSION

For the reasons set forth above, this Court should award Plaintiffs the attorneys' fees, litigation expenses, and costs as requested.

Respectfully submitted,

_____
James A. Brown, T.A. (Bar #14101)
George Denegre, Jr. (Bar #8387)
LISKOW & LEWIS
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, LA 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108

and

Paul M. Smith
Katherine A. Fallow
Matthew S. Hellman
JENNER & BLOCK LLP
601 13th Street, NW, Suite 1200
Washington, DC 20005
Telephone: (202) 639-6000
Facsimile: (202) 639-6066

Attorneys for Entertainment Software Association and Entertainment Merchants Association

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing pleading has been served upon Charles C. Foti, Jr., in his official capacity as Attorney General of the State of Louisiana and Doug Moreau, in his official capacity as District Attorney for the Parish of Baton Rouge, by facsimile this 18 day of December, 2006.

648419_1