IN THE UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ENTERTAINMENT SOFTWARE ASSOCIATION AND ENTERTAINMENT MERCHANTS ASSOCIATION, <br><br> Plaintiffs, <br><br> vs. <br><br> CHARLES C. FOTI, JR., in his official capacity as Attorney General of the State of Louisiana; and DOUG MOREAU, in his official capacity on behalf of himself as District Attorney for the Parish of East Baton Rouge, and on behalf of a class of similarly situated individuals in their official capacities, <br><br> Defendants. | CIVIL ACTION NO. 06-431-JJB-CN <br><br> SECTION "D" <br><br> Judge James J. Brady |

# EX PARTE MOTION TO SUPPLEMENT AND INCORPORATED SUPPLEMENTAL BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS

NOW INTO COURT, through undersigned counsel, come Plaintiffs, Entertainment Software Association and Entertainment Merchants Association, pursuant to 42 U.S.C. § 1988, 28 U.S.C. § 1920, Fed. R. Civ. P. 54(d), and Local Rule 54.2 and 54.3, who respectfully move this Court to supplement their December 18, 2006 motion and accompanying memorandum ("Memorandum") for fees and costs incurred as the prevailing party in their First Amendment challenge to La. R.S. 14:91.14 ("the Act"). As explained in the Memorandum, not all of the fees and costs that Plaintiffs had incurred at the time the Memorandum was filed had been invoiced at that time. Memorandum at 14. Those invoices are now available, and Plaintiffs file these supplemental papers to detail them.

Plaintiffs seek reimbursement for fees incurred in preparing the fee petition, as is plainly authorized by Fifth Circuit law. Memorandum at 14. *Johnson v. State of Miss.*, 606 F.2d 635, 638 (5th Cir. 1979). Plaintiffs also seek reimbursement for other fees and costs incurred but not invoiced at the time of the Memorandum. Memorandum at 14. Accordingly, in addition to the incorporated memorandum, Plaintiffs are submitting a Declaration of Katherine A. Fallow that attaches records detailing the fees and costs that have now been invoiced. Also attached to the Fallow Declaration are detailed expense reports supporting the costs and expenses sought in the original Memorandum. Including the recently invoiced fees and costs, which total $11,703.53, Plaintiffs now seek a total of $157,574.78 for their successful constitutional challenge to the Act.

Plaintiffs thus ask this Court for leave to file this supplemental motion, and that they be awarded $157,574.78 in fees and costs.

## ARGUMENT

As indicated in Plaintiffs' Memorandum, not all of the fees and costs incurred in litigating the case had been invoiced at the time the Memorandum was filed. *See* Memorandum. at 14. Now that those fees and costs have been invoiced, Plaintiffs are submitting them to the Court.

*First*, Plaintiffs submit billing records for fees incurred in preparing the fee petition. Fifth Circuit law entitles Plaintiffs to reasonable fees expended on the fee petition. *Johnson*, 606 F.2d at 638. Work on the fee petition was performed by Katherine A. Fallow, a partner, and Matthew S. Hellman, a mid-level associate, each of whom performed work appropriate to his or her level of experience. Fallow Declaration ¶ 3. Counsel's responsibilities included performing legal research, assembling and reviewing billing records, drafting and revising the petition, and corresponding with local counsel. *Id.* Counsel performed these necessary tasks in a reasonable

manner and in a reasonable amount of time. As shown on the attached redacted invoice, (Attachment A to the Fallow Declaration) these fees total $10,000.

| ATTORNEY | RATE | HOURS | TOTAL |
|---|---|---|---|
| Katherine A. Fallow | $450 | 2.0[1] | $900 |
| Matthew S. Hellman | $325 | 28.0 | $9,100 |
| Total | -- | 30.0 | $10,000 |

*Second*, Plaintiffs are submitting expenditures, detailed in Attachment A, including those for travel to Baton Rouge for a summary judgment and class certification hearing, that were not invoiced at the time Plaintiffs filed their fee petition. These disbursements were billed to Plaintiffs as a component of attorneys' fees, and as explained in the Memorandum, are reimbursable under 28 U.S.C. § 1988 as a component of attorneys' fees. Memorandum at 13. These expenditures total $1,703.53. Documentation for these expenditures, as well as all expenditures claimed in the Memorandum is included as Attachment B to the Fallow Declaration.

Adding fees and expenses in the petition and the supplemental petition, Plaintiffs request a total compensation of $157,574.78.

## CONCLUSION

For the reasons set forth above and in Plaintiffs' fee petition, this Court should award Plaintiffs the attorneys' fees, litigation expenses, and costs as requested.

---

[1] A small portion of Ms. Fallow's time in December (less than a quarter hour) was reasonably spent preparing and reviewing a proposed final judgment, as requested by the Court.

Respectfully submitted,

/s/ James A. Brown

James A. Brown, T.A. (Bar #14101)
George Denegre, Jr. (Bar #8387)
LISKOW & LEWIS
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, LA 70139-5099
Telephone:  (504) 581-7979
Facsimile:  (504) 556-4108

and

Paul M. Smith
Katherine A. Fallow
Matthew S. Hellman
JENNER & BLOCK LLP
601 13th Street, NW, Suite 1200
Washington, DC 20005
Telephone:  (202) 639-6000
Facsimile:  (202) 639-6066

Attorneys for Entertainment Software Association
and Entertainment Merchants Association

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing pleading has been served upon Charles C. Foti, Jr., in his official capacity as Attorney General of the State of Louisiana and Doug Moreau, in his official capacity as District Attorney for the Parish of Baton Rouge, by facsimile this 4th day of January, 2007.

/s/ James A. Brown

650300_1

IN THE UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ENTERTAINMENT SOFTWARE ASSOCIATION AND ENTERTAINMENT MERCHANTS ASSOCIATION, | * * * * | |
| Plaintiffs, | * * | CIVIL ACTION NO. 06-431-JJB-CN |
| vs. | * * | |
| CHARLES C. FOTI, JR., in his official capacity as Attorney General of the State of Louisiana; and DOUG MOREAU, in his official capacity on behalf of himself as District Attorney for the Parish of East Baton Rouge, and on behalf of a class of similarly situated individuals in their official capacities, | * * * * * * * * * | SECTION "D" Judge James J. Brady |
| Defendants. | * | |

## ORDER GRANTING MOTION TO SUPPLEMENT FEE PETITION

Having reviewed Plaintiffs' Ex Parte Motion to Supplement their fee petition of December 18, 2006,

IT IS ORDERED that the motion is GRANTED, and Plaintiffs' fee petition is supplemented as prayed for.

Baton Rouge, Louisiana, this ____ day of January, 2007.

United States District Judge James J. Brady

650303_1