## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **ENTERTAINMENT SOFTWARE ASSOCIATION AND ENTERTAINMENT MERCHANTS ASSOCIATION** | **CIVIL ACTION NO. 06-431-JJB-CN** |
| **Plaintiffs** | **SECTION "D"** |
| vs. | **JUDGE BRADY** |
| **CHARLES C. FOTI, in his official capacity as Attorney General of the State of Louisiana; and DOUG MOREAU, in his official capacity on behalf of himself as District Attorney for the Parish of East Baton Rouge, and on behalf of a class of similarly situated individuals in their official capacities** | |
| **Defendants** | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR ATTORNEY'S FEES AND COSTS

**MAY IT PLEASE THE COURT:**

### SUMMARY OF CLAIMS AND PROCEDURAL HISTORY

Plaintiffs, Entertainment Software Association ("ESA") and Entertainment Merchants Association ("EMA"), instituted the present action pursuant to 42 U.S.C. § 1983 against Charles C. Foti, Jr. ("Foti"), in his official capacity as Attorney General of the State of Louisiana, and Doug Moreau, in his official capacity as District Attorney for the 19th Judicial District for the Parish of East Baton Rouge and as the class representative on behalf of the forty-one (41) district attorneys in the State of Louisiana. The Complaint, filed on June 16, 2006, seeks declaratory and injunctive relief only, namely, a declaration that Act 441 of the 2006 Regular Session ("the Act"),[1] passed by

---

[1] The Act is codified as LSA-R.S. 14:91.14.

the Legislature on June 6, 2006 and signed into law by Governor Blanco on June 15, 2006, is unconstitutional as violative principally of the First Amendment to the United States Constitution and an injunction, including a temporary restraining order, preliminary injunction, and permanent injunction, enjoining the enforcement of the Act. On the same date the Complaint was filed, the Court issued a temporary restraining order enjoining defendants from enforcing or directing the enforcement of the Act. The Order also set plaintiffs' application for a preliminary injunction for hearing.

By motion to dismiss filed on June 27, 2006, Foti asserted the defenses of lack of a justiciable "case or controversy" under Article III of the United States Constitution, the absence of a viable claim against him since he has no authority to enforce the Act, and Pullman abstention. By Minute Entry issued on June 30, 2006, the Court took the issue as to whether Foti is a proper defendant under advisement and denied the remainder of the Motion to Dismiss. The Court also took plaintiffs' request for injunctive relief under advisement, maintaining the TRO in effect until such time as a ruling on the preliminary injunction was issued.

By Ruling issued on August 24, 2006, the Court granted the Motion to Dismiss and dismissed the claims for temporary and permanent injunctive relief against Foti, specifically finding that the Attorney General has no authority to enforce the Act. See Entertainment Software Ass'n v. Foti, 451 F.Supp.2d 827 (M.D. La. 2006).[2] The Court maintained the claim for declaratory relief against Foti. The Court further issued a preliminary injunction against Doug Moreau but refused to direct the preliminary

---

[2] The Ruling is embodied in the Order issued on August 31, 2006.

injunction against Moreau in his representative capacity since plaintiffs had not moved to certify the class of defendants.

Plaintiffs subsequently filed a Motion for Summary Judgment and a Motion for Class Certification on August 30, 2006, which were granted on December 4, 2006. By the terms of the Judgment, the Act was declared to be unconstitutional and Doug Moreau and all other duly elected District Attorneys of the State of Louisiana were permanently enjoined from enforcing the Act.

In accordance with 42 U.S.C. § 1988, Fed. R. Civ. P. 54(d)(2), and Local Rule 54, plaintiffs have moved for an award of attorney's fees as "prevailing parties."[3] For the reasons set forth below, an award of attorney's fees against Foti is unwarranted.

### **PLAINTIFFS ARE NOT "PREVAILING PARTIES" VIS-Á-VIS FOTI**

Under Buckhannon Bd. v. West Virginia D.H.H.R., 121 S.Ct. 1835 (2001), a "prevailing party" includes only those parties who have obtained a "judiciallyسanctioned change" in the legal relationship of the parties. As examples of the sort of "judicially sanctioned change" required, the Supreme Court cited an enforceable judgment on the merits or a court-ordered consent decree. Id. at 1840. It is respectfully submitted that plaintiffs in the present case are not "prevailing parties" vis-à-vis Foti.

Buckhannon embraces three core principles for construing the term "prevailing party" in federal fee-shifting statutes: First, in order to be a prevailing party, a claimant must show that there has been a court-ordered change in the legal relationship between the plaintiff and the defendant against whom fees are sought. Buckhannon, 121 S.Ct. at

---

[3] Plaintiffs also seek an award of costs.

1840.  Second, a prevailing party is a party in whose favor a judgment is rendered, regardless of the amount of damages awarded. Id. at 1839.  Third, a claimant is not a prevailing party merely by virtue of having acquired "a judicial pronouncement that the defendant has violated the Constitution unaccompanied by '*judicial* relief.' " Id. at 1841 (emphasis in original)(quoting Hewitt v. Helms, 107 S.Ct. 2672, 2676 (1987)).  See also Foreman v. Dallas County, Tex., 193 F.3d 314, 319-20 (5th Cir. 1999)("No material alteration of the legal relationship between the parties occurs until the plaintiff becomes entitled to enforce a judgment, consent decree, or settlement against the defendant.")(quoting Farrar v. Hobby, 113 S.Ct. 566, 574 (1992)).  The Buckhannon rule was recently summed up as follows:

> It is well-settled that a plaintiff prevails when actual relief on the merits of a claim materially alters the legal relationship between the parties by modifying the defendants' behavior in a way that directly benefits the plaintiff: To qualify as a prevailing party, a civil rights plaintiff must obtain at least some relief on the merits of his claim. The plaintiff must obtain an ***enforceable* *judgment against the defendant from whom fees are sought*** or comparable relief through a consent decree or settlement. Whatever relief the plaintiff secures must directly benefit him at the time of the judgment or settlement. Otherwise the judgment or settlement cannot be said to "affect the behavior of the defendant toward the plaintiff.". . . In short, a plaintiff "prevails" when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff.

Abrahamson v. Bd. of Educ., Wappingers Falls, 374 F.3d 66, 78-79 (2nd Cir. 2004)(emphasis added)(quoting Buckhannon, 121 S.Ct. at 1840, and Farrar, 113 S.Ct. at 573).

A preliminary injunction does not serve as the basis for deeming a plaintiff a "prevailing party." Race v. Toledo-Davila, 291 F.3d 857, 858 (1st Cir. 2002); John T. v. Delaware County, 318 F.3d 545, 558-59 (3rd Cir. 2003); Smyth v. Rivero, 282 F.3d 268,

4
Case 3:06-cv-00431-JJB-CN   Document 66   01/16/2007   Page 4 of 12

276-77 (4th Cir.), cert. denied, 123 S.Ct. 112 (2002); Dubuc v. Green Oak Township, 312 F.3d 736, 753 (6th Cir. 2002); Northern Cheyenne Tribe v. Jackson, 433 F.3d 1083, 1086 (8th Cir. 2006); Lopez v. District of Columbia, 355 F.Supp.2d 402, 403 (D. D.C. 2005); Thomas v. National Science Foundation, 330 F.3d 486, 493 (D.C. Cir. 2003); Advanced Systems Technology, Inc. v. U.S., 2006 WL 3615059, *6 (Fed. Cl. Dec. 8, 2006). Likewise, a temporary restraining order does not confer prevailing party status to a claimant. Hanson v. Mississippi Bd. of Nursing, 224 F.3d 764, 2000 WL 992214, *1 (5th Cir. 2000); Foreman v. Dallas County, Tex., 193 F.3d 314, 323 (5th Cir. 1999); Mr. Mrs. G. v. Trumbull Connecticut Bd. of Educ., 2005 WL 544711, *4 (D. Conn. Feb 24, 2005)("To paraphrase the Supreme Court, a 10-day TRO is simply 'not the stuff of which legal victories are made.' ")(quoting Buckhannon, 121 S.Ct. at 1840). In this regard, the Fifth Circuit noted as follows:

> A temporary restraining order is not merits-based relief. Nor is it a final remedy. A temporary restraining order is a "stay put," equitable remedy that has as its essential purpose the preservation of the status quo while the merits of the cause are explored through litigation. As such, a temporary restraining order cannot constitute the type merit-based relief that affords a plaintiff prevailing party status. The district court committed clear error in reaching a contrary conclusion.

Foreman, 193 F.3d at 323. For this reason, the TRO issued against Foti does not make plaintiffs prevailing parties as to him.

Perhaps, plaintiffs will argue that the declaratory relief awarded in the final Judgment makes them prevailing parties against Foti. Buckhannon makes it clear that a mere "judicial pronouncement that the defendant has violated the Constitution unaccompanied by 'judicial relief,' " is not sufficient to make a claimant a "prevailing party." Thomas v. NSF, 330 F.3d at 493-94 (quoting Buckhannon, 121 S.Ct. at 1841). A

5

declaration must require "some action (or cessation of action) by the defendant that the judgment produces - the payment of damages, or specific performance or the termination of some conduct." Id. at 494 (quoting Hewitt, 107 S.Ct. at 2676). "The moral satisfaction [that] results from any favorable statement of law" cannot bestow prevailing party status. Farrar, 113 S.Ct. at 573-74 (quoting Hewitt, 107 S.Ct. at 2676). For this reason, declaratory relief, without more, does not confer prevailing party status. Rhodes v. Stewart, 109 S.Ct. 202 (1988)(award of attorney's fees premised solely on a declaratory judgment reversed); Hargis v. City of Cookeville, Tennessee, 92 Fed.Appx. 190, 196 (6th Cir. 2004).[4]

In the present case, plaintiffs have not obtained an "enforceable judgment" against Foti since they may not enforce their Judgment against him.[5] To paraphrase the Supreme Court, the Judgment "requires no action (or cessation of action) by Foti that the Judgment produces - the payment of damages, or specific performance or the termination of some conduct." Hewitt, 107 S.Ct. at 2676. Accordingly, Foti is the "prevailing party," not plaintiffs.[6]

---

[4] This rule is similar to the rule that a plaintiff who wins only nominal damages is not entitled to attorney's fees. See Farrar, 113 S.Ct. at 574 (1992)(affirming Fifth Circuit's reversal of a district court's award of attorney's fees to a plaintiff who won only nominal damages); Cramblit v. Fikse, 33 F.3d 633, 635 (6th Cir. 1994); Coey v. Dave Gill Ponitac-GMC, Inc., 2005 Ohio App. LEXIS 485 (Ohio App. Feb, 8, 2005).

[5] It is noteworthy that no answer has been filed on behalf of Foti. Although the official docket sheet describes Doc. No. 18 as an "Answer," a review of the document shows it is entitled "Memorandum in Opposition to Plaintiffs' Request for Injunctive Relief."

[6] In any event, should an award of attorney's fees be deemed appropriate, Foti would request that a nominal award be made given plaintiffs' limited success in their claims against him. See Knussman v. Maryland, 73 Fed.Appx. 608, 616 (4th Cir. 2003); DLS, Inc. v. City of Chattanooga, 1998 U.S. App. LEXIS 11647 (6th Cir. May 28, 1998).

## ELEVENTH AMENDMENT IMMUNITY

It is respectfully submitted that an award of damages against Foti, including attorney's fees, is prohibited under the Eleventh Amendment to the United States Constitution. Unless sovereign immunity has been abrogated by an act of Congress or voluntarily waived by a state, the Eleventh Amendment to the Constitution provides immunity to the state from federal court lawsuits brought by private persons. Hughes v. Savell, 902 F.2d 376, 377-78 (5th Cir. 1990)(citing Penhurst State School & Hosp. v. Halderman, 104 S.Ct. 900, 908 (1984)). Pursuant to statute, Louisiana has not waived its Eleventh Amendment immunity. La.Rev.Stat. Ann. § 13:5106(A); Cozzo v. Tangipahoa Parish-Council-President Government, 279 F.3d 273, 281 (5th Cir. 2002). By enacting 42 U.S.C. § 1983, Congress did not abrogate the states' sovereign immunity from suit. See Roberson v. McShan, 2005 WL 2673516, *1 (5th Cir. Oct. 20, 2005); Vanderwall v. Peck, 129 Fed.Appx. 89, 91 (5th Cir. 2005); Adongo v. Texas, 124 Fed.Appx. 230, 231 (5th Cir. 2005).

Lawsuits against government officials acting in their official capacity are considered to be lawsuits brought against the entity of which they are agents. See Kentucky v. Graham, 105 S.Ct. 3099 (1985); Baker v. Putnal, 75 F.3d 190 (5th Cir. 1996). The Fifth Circuit has previously analyzed the Attorney General's status and has determined that the Attorney General is protected by the Eleventh Amendment.[7] See Anderson v. Abbott, 83 Fed.Appx. 594 (5th Cir. 2003); Okpalobi v. Foster, 244 F.3d 405,

---

[7] In fact, an attorney general is not a "person" under § 1983. Will v. Michigan Dep't of State Police, 109 S.Ct. 2304 (1989). See also Hawkins v. Supreme Court of N.J., 174 Fed.Appx. 683, 685 (3rd Cir. 2006).

7

423-24 (5th Cir. 2001).[8] See also Entertainment Software Ass'n v. Foti, 451 F.Supp.2d at 827. As such, an action may not be brought under § 1983 against the Attorney General for damages, including attorney's fees, see Skinner v. Govorchin, 463 F.3d 518, 524 (6th Cir. 2006), as well as for declaratory and injunctive relief.[9]

For the reasons stated above, an award of attorney's fees against Foti is prohibited under the Eleventh Amendment.

## ABSOLUTE IMMUNITY

Under the law, an attorney general enjoys absolute, prosecutorial immunity for actions within scope of his official duties, including "deciding which suits to bring and in conducting them in court." Imbler v. Pachtman, 96 S.Ct. 984, 992 (1976). The decision of an attorney general as to how to proceed in a matter is "the paradigmatic act of advocacy on behalf of the State." Skinner v. Govorchin, 463 F.3d 518, 525 (6th Cir. 2006). In accordance with this immunity, an attorney general may not be held liable for damages, including attorney's fees, in the performance of his official duties. See Vaughn v. St. Helena Parish Police Jury, 192 F.Supp.2d 562, 576-77 (M.D. La. 2001); May v.

---

[8] Other circuits have held that a state attorney general enjoys sovereign immunity. See Reproductive Health Services of Planned Parenthood of St. Louis Region, Inc. v. Nixon, 428 F.3d 1139, 1145 (8th Cir. 2005); Skinner v. Govorchin, 463 F.3d at 524; Citizens for Equal Protection v. Bruning, 455 F.3d 859, 864 (8th Cir. 2006); Guttman v. Widman, 188 Fed.Appx. 691, 696 (10th Cir. 2006); Friends and Residents of St. Thomas Township, Inc. v. St. Thomas Development, Inc., 176 Fed.Appx. 219, 225 (3rd Cir. 2006); Entertainment Software Ass'n v. Blagojevich, 469 F.3d 641, 645 (7th Cir. 2006); Grand River Enterprises Six Nations, Ltd. v. Beebe, 467 F.3d 698, 702 (8th Cir. 2006).

[9] Under Ex Parte Young, 28 S.Ct. 441 (1908), the Eleventh Amendment does not bar suit against a state official to enjoin the enforcement of an allegedly unconstitutional statute, provided that the officer has some connection with the enforcement of the statute. Okpalobi v. Foster, 244 F.3d 405, 423-24 (5th Cir. 2001); Entertainment Software Ass'n v. Blagojevich, 469 F.3d 641, 645 (7th Cir. 2006); Citizens for Equal Protection v. Bruning, 455 F.3d 859, 864 (8th Cir. 2006); Reproductive Health Services of Planned Parenthood of St. Louis Region, Inc. v. Nixon, 428 F.3d 1139, 1145 (8th Cir. 2005); Hawkeye Commodity Promotions, Inc. v. Miller, 432 F.Supp.2d 822, 835 (N.D. Iowa 2006). This Court has specifically held that that Foti lacks authority to enforce the Act. See Entertainment Software Ass'n v. Foti, 451 F.Supp.2d at 827.

8

Cooperman, 578 F. Supp. 1308, 1313-14 & n. 4. (D. N.J. 1984)(citing Supreme Court of Virginia v. Consumers Union, 100 S.Ct. 1967, 1977 n. 15 (1980)); Hughes v. Lipscher, 852 F. Supp. 293, 299-301 (D. N.J. 1994); Daggett v. Kimmelman, 617 F. Supp. 1269, 1279 (D. N.J. 1985), aff'd, 811 F.2d 793, 795 n. 2 (3rd Cir. 1987); Mallory v. Harkness, 923 F. Supp. 1546, 1552-53 (S.D. Fla. 1996), aff'd, 109 F.3d 771 (11th Cir. 1997).

An exception to this immunity is recognized where the government official is found liable in his enforcement capacity. Id. In the present case, the Court expressly found that Foti is not responsible for the enforcement of the Act and dismissed all claims for injunctive relief against him. See Entertainment Software Ass'n v. Foti, 451 F.Supp.2d at 827 and 837. Since Foti is not liable in his enforcement capacity in the present litigation, he is immune from liability for attorney's fees.

An award of attorney's fees against Foti would serve no purpose other than to punish him for defending the lawsuit against him. Foti was named and sued directly in this case; the State of Louisiana was not joined as a defendant. Under the law, the Attorney General is required to represent the State of Louisiana and to defend the constitutionality of legislation enacted on behalf of the State. La. Const. Art. 4, § 8; LSA-R.S. 49:257. As noted above, Foti is entitled to immunity for his decisions as to how to proceed in a case. It would seem inherently unjust to impose attorney's fees against Foti for simply doing that which the law requires him to do.

## BILLING RATES

For the reasons discussed above, an award against Foti is inappropriate in this case. In the event that attorney's fees are awarded, defendant suggests that the hourly billing rates submitted on behalf of plaintiffs' team of lawyers is high.

In fee-shifting cases, the appropriate hourly rate to which a prevailing attorney is entitled to be compensated is the prevailing rate in the community for attorneys of similar experience in similar cases. Saizan v. Delta Concrete Products, 448 F.3d 795 (5th Cir. 2006); Shipes v. Trinity Industries, 987 F.2d 311 (5th Cir. 1993). Paul Smith, a 1979 Yale Law School graduate, billed at an hourly rate of $600. Katherine Fallow, a 1996 Harvard graduate, billed at an hourly rate of $450 per hour. James Brown, a 1984 LSU graduate and George Denegre, Jr., a 1983 Tulane graduate, billed at an hourly rate of $270 and $260, respectively. Duane Pozza, a 2002 Stanford graduate, billed at an hourly rate of $325, and Jason Johanson, a 2003 Tulane graduate, billed at an hourly rate of $160. Defendant suggests that a billing rate of $225 per hour for Mr. Smith, $160 per hour for Messrs. Brown and Denegre, and $100 per hour for Messrs. Pozza and Johanson and Ms. Fallow is more in line with the jurisprudence.[10] See Shipes v. Trinity Industries, 987 F.2d 311 (5th Cir. 1993)($165 per hour for lead counsel and $140 per hour for associate counsel); Downey v. Strain, 2006 WL 1581234 (E.D. La. June 5, 2006)($225 per hour for lead counsel and $175 per hour for associate counsel); Scottsdale Ins. Co. v. Gulf Seas Temporaries, 1999 WL 1034739 (E.D. La. Nov. 12, 1999)($150 per hour);

---

[10] Numerous other attorneys assisted in the prosecution of this case, namely, Elizabeth Valentina ($265), and Matthew Hellman ($325) of the Jenner & Block firm and John Anjier ($230), Brian Jackson ($255), Katherine Roth ($170), and Joe Giarrusso ($170) of the Liskow & Lewis firm. However, no biographical information is provided about these lawyers, so defendant is unable to assess a reasonable hourly billing rate for these attorneys.

Toliver v. Crowden, 1999 WL 756964 (E.D. La. Sept. 23, 1999)($130 per hour); National American Ins. Camp. v. Melancon, 1999 WL 669527 (E.D. La. Aug. 26, 1999)($115 per hour); Edmond v. Oxlite Inc., 2005 WL 2458235 (W.D. La. Oct. 5, 2005)($195 per hour for lead counsel and $125 per hour for associate counsel).[11]  Defendant would further propose an hourly billing rate of $50 for the paralegals (Cheryl Olson from Jenner & Block and Elizabeth Cass and J. Leo Davis from Liskow & Lewis) and for the project assistant, Helder Agostinho.

## SUMMARY AND CONCLUSION

For the reasons set forth hereinabove, the Motion for Attorney's Fees and Costs should be denied.

Respectfully submitted,

**CHARLES C. FOTI, JR.
ATTORNEY GENERAL**

BY: _____
Scott G. Vincent (#14478)
Assistant Attorney General

Louisiana Department of Justice
Litigation Division
P.O. Box 94005

---

[11] In Edmond, supra at *6, Magistrate Hill noted the prevailing hourly rate of $195 for senior-level labor lawyers in the Eastern District of Louisiana:

> Moreover, the United States District Court for the Eastern District of Louisiana has approved hourly rates of $195.00 for labor and employment attorneys with experience commensurate with that of Mr. Guidry. See Yousuf v. UHS of De La Ronde, Inc., 110 F.Supp.2d 482, 490 (E.D. La. 1999); Giardina v. Lockheed Martin Corp., 2003 WL 21991644, *4 (E.D. La. 2003); Raspanti v. United States Dept. of Army, 2001 WL 1081375, *5 (E.D. La. 2001).

Baton Rouge, LA 70804-9005
Telephone: (225) 326-6300
Facsimile: (225) 326-6495

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on the 16th day of January, 2007, a copy of the above and foregoing pleading was filed electronically with the Clerk of Court by using the CM/ECF system. Notice of this filing will be sent to all parties of interest by operation of the court's electronic filing system.

_s/ Scott G. Vincent_____