IN THE UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| ENTERTAINMENT SOFTWARE ASSOCIATION AND ENTERTAINMENT MERCHANTS ASSOCIATION, | * * * * | |
|---|---|---|
| Plaintiffs, | * * | CIVIL ACTION NO. 06-431-JJB-CN |
| vs. | * * | |
| CHARLES C. FOTI, JR., in his official capacity as Attorney General of the State of Louisiana; and DOUG MOREAU, in his official capacity on behalf of himself as District Attorney for the Parish of East Baton Rouge, and on behalf of a class of similarly situated individuals in their official capacities, | * * * * * * * * * | SECTION "D" Judge James J. Brady |
| Defendants. | * | |

## PLAINTIFFS' REPLY BRIEF IN SUPPORT OF THEIR MOTION FOR ATTORNEYS' FEES AND COSTS

### INTRODUCTION

Plaintiffs respectfully submit this reply brief in support of their motion for attorneys' fees and costs incurred in successfully challenging La. R.S. 14:91.14 ("the Act") as a violation of the First and Fourteenth Amendments. On December 4, 2006, the Court upheld Plaintiffs' constitutional challenge in full, entering a final declaratory judgment against Defendants Foti and Moreau, and a permanent injunction against Defendant Moreau and the defendant class. As set forth in Plaintiffs' motion, the high degree of success obtained by Plaintiffs entitles them to the full amount of the fees and costs they were forced to expend in challenging the Act.

Dockets.Justia.

Only the Attorney General has opposed the motion for fees, and the arguments he offers in opposition to the motion for fees are meritless. As explained below, no doctrine of immunity applies here, as it is well established that neither immunity under the Eleventh Amendment nor personal immunities bars attorneys' fees under 42 U.S.C. § 1988. Nor can the Attorney General plausibly claim that Plaintiffs are not the "prevailing party" in this lawsuit. This Court specifically ordered that the Attorney General would remain a defendant for purposes of declaratory relief, and it entered a declaratory judgment against him. By obtaining a judgment that binds the Attorney General and prevents him from seeking to enforce the Act, Plaintiffs have "accomplished the principal goal of the lawsuit," *Hopwood v. State of Texas*, 236 F.3d 256, 278 (5th Cir. 2000), and are therefore prevailing parties.

The Attorney General also challenges the billing rates of Plaintiffs' counsel. As Plaintiffs explained in their motion, those rates are amply justified in light of counsel's extensive experience in similar litigation and the efficiencies resulting from that experience. The Attorney General's submissions provide no basis to depart from the presumptive lodestar rate.

None of the District Attorney defendants has filed an opposition to Plaintiffs' fee petition, and thus they should be deemed to have waived any objections to the fee petition. In any event, Plaintiffs are certainly the prevailing party with respect to Defendant Moreau and the class of district attorneys, and those defendants are fully liable for the fee award. Plaintiffs' fee petition seeks fees and costs from the Defendants on a joint and several basis, which is particularly appropriate where, as here, all Defendants are equally responsible for the injury and have jointly litigated the matter. *Walker v. U.S. Dept. of Housing and Urban Development*, 99 F.3d 761, 772-73 (5th Cir. 1996).

# ARGUMENT

## I. The Attorney General Is Liable For The Fee Award.

### A. The Attorney General's Immunity Arguments Are Meritless.

In arguing that he should not be responsible for Plaintiffs' attorneys' fees, the Attorney General advances a number of immunity arguments. These arguments are erroneous, and ignore well-settled law concerning 42 U.S.C. § 1988, the statute authorizing attorneys' fees in cases like this one.

*First*, the Attorney General asserts that the Eleventh Amendment bars the imposition of attorneys' fees. AG Brief at 7-8. That is plainly wrong under governing precedent. "There is, of course, no [E]leventh [A]mendment obstacle to the award of attorneys' fees against a state pursuant to § 1988." *Scott v. Flowers*, 910 F.2d 201, 213 (5th Cir. 1990) (citing *Hutto v. Finney*, 437 U.S. 678, 693-700 (1978)). *See also Warnock v. Pecos County, Tex.*, 88 F.3d 341, 343 (5th Cir. 1996) ("Claims for fees ... are not barred by the Eleventh Amendment").

As the Supreme Court has explained, § 1988 "imposes attorney's fees as part of the costs, [and] costs have traditionally been awarded without regard for the States' Eleventh Amendment immunity." *Hutto v. Finney*, 437 U.S. 678, 695 (1978). Indeed, in enacting § 1988, Congress used its constitutional authority to abrogate Eleventh Amendment immunity. *See Hutto*, 437 U.S. at 693 ("When it passed the Act, Congress undoubtedly intended to exercise [its plenary power to set aside the States' immunity] and to authorize fee awards payable by the States when their officials are sued in their official capacities."); *Familias Unidas v. Briscoe*, 619 F.2d 391, 406 (5th Cir. 1980) ("Since Congress enacted § 1988 [under the] the Fourteenth Amendment ..., the Eleventh Amendment ... [does] not stand as [a bar] to these awards."). The Fifth Circuit

routinely upholds fee awards against attorneys general and other state officials. *See, e.g., Hopwood*, 236 F.3d at 277; *Watkins v. Fordice*, 7 F.3d 453, 456 (5th Cir. 1993).

*Second*, the Attorney General similarly errs in suggesting that immunity turns on his "connection" to the enforcement of the Act under *Ex parte Young*. AG Brief at 8, n.9. This Court held that the Attorney General is properly subject to a declaratory judgment, and thus has already ruled that *Ex parte Young* does not defeat liability here -- a decision that the Attorney General has not appealed and cannot relitigate now in the guise of asserting immunity for fees. Moreover, Eleventh Amendment immunity for fees is not even controlled by *Ex parte Young*. Instead, section § 1988 is the basis for abrogating Eleventh Amendment immunity and it clearly authorizes an award of fees on such a judgment. *See, e.g., Scott*, 910 F.2d at 213.

*Third*, the Attorney General's argument that he cannot be directed to pay a fee award because of "absolute, prosecutorial immunity" is equally erroneous. AG Br. at 8. The Attorney General was sued solely in his official capacity, Compl. at ¶ 14, making the action "in all respects other than name . . . a suit against the [State]." *Kentucky v. Graham*, 473 U.S. 159, 167 (1985). Absolute immunity is applicable only where an official is sued in his personal capacity and would be personally liable for any judgment against him. *Id.* Thus, because "a § 1983 suit naming defendants only in their 'official capacity' does not involve personal liability . . . defenses . . . that only protect defendants in their individual capacities, are *unavailable* in official-capacity suits." *Turner v. Houma Mun. Bd.*, 229 F.3d 478, 483 (5th Cir. 2000).

**B.      Plaintiffs Are The Prevailing Parties.**

After the Attorney General unsuccessfully defended the constitutionality of the Act, Plaintiffs obtained a final judgment against him providing that "the Act is ADJUDGED and DECLARED to be UNCONSTITUTIONAL, void and of no force and effect, and this

3

Case 3:06-cv-00431-JJB-CN   Document 69   01/31/2007   Page 4 of 12

declaratory judgment is entered against Charles C. Foti, in his official capacity as the Attorney General of the State of Louisiana." Judgment at 2. This judgment provides an ample basis to recognize that Plaintiffs are prevailing parties against the Attorney General.

In the most basic terms, "the Plaintiffs are quite clearly prevailing parties as [they] 'accomplished the principal goal of the lawsuit,'" *Hopwood*, 236 F.3d at 278, namely, to strike the Act down as unconstitutional. *See also Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (parties are prevailing parties "if they succeed on any significant issue in litigation which achieves some of the benefits the parties sought in bringing suit"). Moreover, that judgment was entered against the Attorney General, and the Court's determination that it was unconstitutional binds him as a defendant in this suit.

Plaintiffs' status as prevailing parties against the Attorney General is not affected by the fact that they obtained a declaratory judgment rather than an injunction against him. Declaratory judgments frequently form the basis of fee awards. *Familias Unidas*, 619 F.2d at 405-06 ("The granting of declaratory relief and nominal damages, based on our having found section 4.28 to be unconstitutional, adequately justifies an award to plaintiffs as prevailing parties"); *Putnam v. Davies*, 960 F. Supp. 1268, 1272 (S.D. Ohio 1997) ("The Plaintiffs were granted the declaratory relief that they sought; therefore they [are prevailing parties]."); *Medical Malpractice Joint Underwriting Ass'n v. Paradis*, 756 F. Supp. 669, 678 (D.R.I. 1991) ("Nor is there any question that attorneys' fees may be awarded ... in a § 1983 action seeking ... declaratory relief.")

A party is deemed to have prevailed where the party (1) obtains actual relief that (2) materially alters the legal relationship between the parties, and (3) directly benefits the party at the time of judgment. *Farrar v. Hobby*, 506 U.S. 103, 112-13 (1992); *see also Buckhannon Bd. and Care Home, Inc. v. West Virginia Dep't of Health and Human Resources*, 532 U.S. 598, 604

(2001); *Rhodes v. Stewart*, 488 U.S. 1, 4 (1988) (noting that a declaratory judgment, like "any other judgment . . . will constitute relief for purposes of § 1988 if . . . it affects the behavior of the defendant toward the plaintiff."). The Attorney General claims that this test has not been met because there has been no "enforceable judgment" entered against him. AG Br. at 6. That surprising assertion cannot withstand scrutiny. Although the Court found that the Attorney General was not subject to *injunctive* relief, it has entered a judgment against him declaring the Act unconstitutional. Had the Attorney General never been a party to the case, he would have been entirely free to exercise his power to seek leave to prosecute the Act pursuant to Louisiana Constitution Art IV, § 8. Although this Court has noted that those powers are infrequently used, the Attorney General has never denied (and could not deny) that he has them.

Moreover, had Plaintiffs obtained relief only from the class of district attorneys, it is considerably more likely that the Attorney General would have sought to enforce the Act, as he would have been the only state official capable of doing so. Instead, Plaintiffs named the Attorney General as a defendant, and he attempted and failed to defend the Act's constitutionality. Were he now to attempt to seek authorization to bring an action under the Act, the Court's holding that the Act was unconstitutional would be binding against him. *E.g.*, *Reeder v. Succession of Palmer*, 623 So.2d 1268, 1271 (La.1993) (recognizing that federal judgments have preclusive effect in state court). That clearly constitutes "actual relief" that "directly benefits" Plaintiffs "by materially alter[ing]" the legal relationship between the parties.

The cases cited by the Attorney General in support of his argument that he has prevailed are entirely inapposite. In *Rhodes*, the Supreme Court considered whether attorney fees were warranted where two prisoners had obtained a declaratory judgment regarding prison policies. Although the Court found that this declaration could not form the basis for attorney fees, it did so

5

because "it could not in any way have benefited either plaintiff, *one of whom was dead and the other released before the District Court entered its order*." *Rhodes*, 488 U.S. at 4 (emphasis added). Likewise in *Hewitt v. Helms*, the Supreme Court held that the plaintiff was not a prevailing party precisely *because* he had only obtained a mere favorable ruling of law in an interlocutory posture *rather* than a declaratory judgment. 482 U.S. 755, 762 (1987). Here, by contrast, Plaintiffs obtained a binding declaratory judgment against the Attorney General, and continue to engage in expressive activity that might otherwise be subject to the Act and the Attorney General's powers. *Rhodes* and *Hewitt* are thus as different from this case as chalk is from cheese, and the other cases cited by the Attorney General are even farther afield as they do not involve declaratory judgments.

Instead, this situation is analogous to *Walker v. City of Mesquite*, 313 F.3d 246 (5th Cir. 2002), where plaintiffs sought a declaration that a remedial order was unconstitutional as well as a permanent injunction barring its enforcement. Although the district court denied relief on both counts, the appellate court reversed on the declaratory judgment claim, ordering that certain provisions of the remedial order be declared unconstitutional. *Id.* at 249-50. The remedial order was then modified in accordance with the declaration. In awarding fees, the Fifth Circuit found

> [a]lthough the permanent injunction sought by the [plaintiffs] was never granted, this court held, as a matter of law, that the remedial order was unconstitutional for precisely the reasons argued by the [plaintiffs] in [seeking] declaratory relief.

Just as the plaintiffs in *Walker* were prevailing parties by virtue of the relief they obtained via a declaration striking down an unconstitutional remedial order, so too are Plaintiffs here in striking down the unconstitutional Act. In both cases, the parties are no longer subject to unconstitutional action as a result of the declaration.

In short, Supreme Court and Fifth Circuit precedent looks to whether Plaintiffs succeeded in their goal. Given that the Attorney General has had a judgment entered against him on the merits, the proper conclusion is that Plaintiffs have succeeded fully against him in their suit.[1]

## II. The Attorney General and District Attorneys Are Jointly and Severally Liable For All Fees and Costs.

For the reasons stated above, the Attorney General is fully liable for all fees and costs claimed by Plaintiffs. With respect to Defendant Moreau and the class of defendant District Attorneys, the Court entered a declaratory judgment and permanent injunction prohibiting the class from enforcing the Act. Thus, it is undeniable that Plaintiffs have prevailed against the District Attorneys, even if they had not waived any challenge to the motion for fees by failing to file a response. In these circumstances, it is appropriate for the Court to assess fees and costs against all defendants jointly and severally with a right of contribution. *E.g., Walker*, 99 F.3d at 772-73; *see also Turner v. D.C. Bd. of Elections*, 354 F.3d 890, 897 (D.C. Cir. 2004) ("To ensure that a private attorney general is fully compensated, '[i]t is frequently appropriate to hold all defendants jointly and severally liable for attorneys' fees ....'") (quoting *Herbst v. Ryan*, 90 F.3d 1300, 1305 (7th Cir. 1996)). Plaintiffs have suffered a "single indivisible injury." *Walker*, 99 F.3d at 772. And defendants, particularly the Attorney General and District Attorney Moreau, have litigated this suit in concert and have adopted each other's positions at oral argument. *Riddell v. Nat. Democratic Party*, 712 F.2d 165, 169 (5th Cir. 1983). Moreover, a judgment was

---

[1] Nor is there any merit to the Attorney General's claim that any award should be reduced against him because he was subject only to declaratory relief. AG Br. at 6 n.6. Not only did the declaratory judgment fully accomplish Plaintiffs' goals, but the two unpublished opinions from other jurisdictions that the Attorney General cites are not on point. In *Knussman v. Maryland*, 73 Fed. Appx. 608, 616 (4th Cir. 2003), the declaratory judgment "required nothing more than what the [defendant] had already done." And in *DLS, Inc. v. City of Chattanooga*, 149 F.3d 1182 (6th Cir. 1998) (Table), the plaintiffs were only partly successful in striking down a law. *Id.* at *1. Here, the Act was struck down in full and the Attorney General may no longer enforce it.

7

entered against all defendants, and so to the extent that fault is apportioned it applies to all defendants equally. In any case, "[w]e know of no case suggesting that joint and several liability is inappropriate is a case of disparate fault. [Instead] a plaintiff may recover against any joint wrongdoer [who may then] file contribution actions [to] allocate fault among themselves." *Walker*, 99 F.3d at 773. Accordingly, Plaintiffs ask that fees be awarded jointly and severally.

### III. Plaintiffs' Counsel's Billing Rates Are Reasonable In Light of Their Expertise And Efficiency In Challenging The Act.

As his only other challenge to the fee motion, the Attorney General argues that the rates charged by plaintiffs' counsel are too high.[2] But the Attorney General's argument falls far short of disturbing the "strong presumption that the lodestar represents the reasonable fee." *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992); *see also Islamic Center of Mississippi, Inc., v. City of Starkville*, 876 F.2d 465, 469 (5th Cir. 1990) (rates charged by counsel are presumptively correct). The Attorney General in essence argues that it is unreasonable for Plaintiffs to seek rates based on their out-of-state (or out-of-district) lawyers. But where, as here, Plaintiffs reasonably retained out-of-state experienced specialists who could prosecute their constitutional challenge in an efficient manner, Plaintiffs are entitled to be reimbursed for their legal fees based on the rates actually charged, rather than local rates. *See, e.g. Entertainment Software Ass'n v. Granholm*, 05-73634, Order, (E.D. Mich., July 6, 2006) (finding that it was appropriate to retain Jenner & Block because they were "uniquely qualified [given their involvement in challenges to similar video game laws.]") (attached as exhibit 1).

---

[2] The Attorney General does not challenge the number of hours worked by counsel or the amount of costs that they have submitted.

As Plaintiffs explained, Plaintiffs' counsel from Jenner & Block have extensive experience in bringing challenges to legislation of this type.[3] *See* Mot. Fees at 7-11; Fallow Decl. at ¶¶ 3-5. Having been involved in every recent case concerning a constitutional challenge to a law regulating video games, the Jenner & Block attorneys were well versed in the relevant legal theories and defenses, as well as the social science and "experts" cited by the State in defense of the Act. The Attorney General's citation of other billing rates in the jurisdiction ignores the significant advantages and increased efficiencies that experienced counsel bring to a case. *Leroy v. City of Houston*, 906 F.2d 1068, 1079 (5th Cir. 1990) (noting that it is a "common sense truth that as between attorneys competent to handle a given task, generally the one who is entitled to higher hourly compensation because of greater experience and skill may reasonably be expected to accomplish the task in fewer hours"); *see also Feinberg v. Hibernia*, 966 F. Supp. 442, 446-47 (E.D. La. 1997) (awarding fees based on New York rates to New York counsel); *Northcross v. Bd. of Ed. of the Memphis City Schools*, 611 F.2d 624, 637 (6th Cir. 1979) ("[T]he attorneys' intimate familiarity with the issues . . . undoubtedly meant that their time was far more productive . . . than . . . that of a local attorney with less expertise."). Indeed, the efficiency with which Jenner & Block conducted this case was aided by the fact that they were bringing challenges to similar laws in two other states simultaneously, allowing for shared research and

---

[3] Those cases include *Interactive Digital Software Ass'n v. St. Louis County*, 329 F.3d 954 (8th Cir. 2003) (represented plaintiffs); *American Amusement Mach. Ass'n v. Kendrick*, 244 F.3d 572 (7th Cir. 2001) (filed amicus brief); *Entertainment Merchants Ass'n v. Henry*, No. 06-675, 2006 WL 2927884 (W.D. Okla. Oct. 11, 2006) (represented plaintiffs); *Entertainment Software Ass'n v. Hatch*, 443 F. Supp. 2d 1065 (D. Minn. 2006) (same); *Entertainment Software Ass'n v. Granholm*, 426 F. Supp. 2d 646 (E.D. Mich. 2006) (same); *Entertainment Software Ass'n v. Blagojevich*, 404 F. Supp. 2d 1051 (N.D. Ill. 2005) (same); *Video Software Dealers Ass'n v. Schwarzenegger*, 401 F. Supp. 2d 1034 (N.D. Cal. 2005) (same); *Video Software Dealers Assn v. Maleng*, 325 F. Supp. 2d 1180 (W.D. Wash. 2004) (same). Likewise counsel from Lewis and Liskow were also extremely experienced, allowing them to perform their tasks in this relatively complex and idiosyncratic constitutional case efficiently and effectively

efficient drafting. *See* Fallow Decl. at ¶ 4.[4] Undoubtedly, if Plaintiffs had been required to rely solely upon local counsel, they would have had to learn the legal, factual, and scientific issues from scratch, resulting in a far greater expenditure of hours. *See, e.g. Granholm*, Order at 2; *Entertainment Software Ass'n v. Blagojevich*, 2006 WL 3692410 at *4 (N.D. Ill., Dec. 11, 2006) (noting experience of Jenner & Block counsel as justifying higher than average rates). That is no doubt why the Attorney General presents no criticism of the amount of time spent on the case.

Ultimately, the Supreme Court has recognized that the presumptively correct fee is the lodestar fee. *Dague*, 505 U.S. at 562. The Attorney General has provided no basis for departing for this strong presumption. Counsel charged their normal rate, and used their expertise to obtain a favorable judgment in an efficient manner (after having informed the State that the Act was unconstitutional from its very inception). In response, the Attorney General has merely quoted the rates of other law firms without making any showing that those firms have remotely comparable experience, or even challenging Plaintiffs' claim that counsel worked efficiently. There is therefore no ground to lower counsel's rates in this matter.

## CONCLUSION

For the reasons set forth above, this Court should award Plaintiffs the attorneys' fees, litigation expenses, and costs as requested.

---

[4] The Attorney General asserts that he is not able to judge the qualifications of a few attorneys who performed relatively small amounts of work in this matter. For the benefit of the Court and the parties, Plaintiffs submit a supplemental declaration from Ms. Fallow describing their qualifications. *See* Supplemental Declaration of Katherine Fallow, attached as Ex. 2.

Respectfully submitted,

*/s/ Jay Menegu/* (signature)

James A. Brown, T.A. (Bar #14101)
George Denegre, Jr. (Bar #8387)
LISKOW & LEWIS
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, LA 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108

and

Paul M. Smith
Katherine A. Fallow
Matthew S. Hellman
JENNER & BLOCK LLP
601 13th Street, NW, Suite 1200
Washington, DC 20005
Telephone: (202) 639-6000
Facsimile: (202) 639-6066

Attorneys for Entertainment Software Association
and Entertainment Merchants Association

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing pleading has been served upon Charles C. Foti, Jr., in his official capacity as Attorney General of the State of Louisiana and Doug Moreau, in his official capacity as District Attorney for the Parish of Baton Rouge, by facsimile, this 31st day of January, 2007.

*/s/ Jay Menegu/* (signature)

654178_1