UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ENTERTAINMENT SOFTWARE ASSOCIATION AND ENTERTAINMENT MERCHANTS ASSOCIATION | CIVIL ACTION NO. 06-431-JJB-CN |
| Plaintiffs | SECTION "D" |
| vs. | JUDGE BRADY |
| CHARLES C. FOTI, in his official capacity as Attorney General of the State of Louisiana; and DOUG MOREAU, in his official capacity on behalf of himself as District Attorney for the Parish of East Baton Rouge, and on behalf of a class of similarly situated individuals in their official capacities | |
| Defendants | |

*****************************************************************

### SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR ATTORNEY'S FEES AND COSTS

MAY IT PLEASE THE COURT:

The purpose of this Supplemental Memorandum is to briefly respond to the arguments raised in the Reply Brief filed by plaintiffs, Entertainment Software Association ("ESA") and Entertainment Merchants Association ("EMA"). Rec. Doc. 69. For the reasons set forth below, the arguments raised in the Reply Brief lack merit.

Plaintiffs first argue that claims for attorney's fees are not barred by the Eleventh Amendment, citing Hutto v. Finney, 98 S.Ct. 2565 (1978), and Warnock v. Pecos County, Tex., 88 F.3d 341 (5th Cir. 1996). In Hutto, attorney's fees were awarded against Department of Corrections officials as a contempt fine for their repeated failure to comply with the district court's prior order to remediate constitutional violations existing in the prison. Thus, Hutto stands for the proposition that where injunctive relief is

awarded against a state official pursuant to the exception to Eleventh Amendment immunity recognized under Ex Parte Young, attorney's fees incurred in obtaining this relief may be awarded. In this regard, the Supreme Court noted as follows: "The cost of compliance is ancillary to the prospective order enforcing federal law." Hutto, 98 S.Ct. at 2573. Likewise, in Warnock, prospective relief was awarded against a state official in accordance with Ex Parte Young. Unlike Hutto and Warnock, the present case against Foti does not fall within the bounds of Ex Parte Young, as this Court has already ruled, and, for this reason, plaintiffs' claim for prospective relief against Foti has been dismissed. See Entertainment Software Ass'n v. Foti, 451 F.Supp.2d 823, 827 (M.D. La. 2006).

Neither Hutto nor Warnock hold that a state defendant may be cast in judgment for attorney's fees where it is exempt from liability under the Eleventh Amendment on the underlying claim for injunctive relief or monetary damages. Plaintiffs make no attempt to distinguish the Sixth Circuit's Ruling in Skinner v. Govorchin, 463 F.3d 518, 524 (6th Cir. 2006), cited in Foti's Opposition Memorandum. It would be nonsensical that a state official would be exempt from liability for claims for monetary damages and injunctive relief, while at the same time, liable for attorney's fees incurred in successfully defending the exempt claims. But that is exactly what plaintiffs propose in their Reply Brief.

In response to Foti's argument that an attorney's fee award against him is barred by absolute immunity, plaintiffs argue that the present suit, in essence, is against the State of Louisiana and that absolute immunity applies only to actions against officials in their personal capacity:

2

Case 3:06-cv-00431-JJB-CN    Document 72    02/09/2007    Page 2 of 8

> The Attorney General was sued solely in his official capacity, making the action in all respects other than name . . . a suit against the [State]. Absolute immunity is applicable only where an official is sued in his personal capacity and would be personally liable for any judgment against him.

Reply Brief, p. 4[1] (internal quotations and citations omitted). This argument overlooks two critical points. First, the State of Louisiana may not be cast in judgment for damages, including attorney's fees, for its legislative acts. See Vaughn v. St. Helena Parish Police Jury, 192 F.Supp.2d 562, 576-77 (M.D. La. 2001). Secondly, this Court has extended absolute immunity to government defendants in their official capacity, including claims for attorney's fees. Id.[2] Interestingly, the Reply Brief makes no

---

[1] The numbering in the Reply Brief erroneously starts on the second page. For this reason, the second page of the Brief is numbered page one. This error continues throughout the entire Brief. References herein to the Reply Brief are to the proper page number, not the number printed on the page.

[2] Plaintiffs cite Turner v. Houma Mun. Fire and Police Civil Service Bd., 229 F.3d 478 (5th Cir. 2000), for the proposition that absolute immunity protects Foti in his individual capacity only. However, Turner brings factors into consideration that are fatal to plaintiffs' position. Turner requires a plaintiff alleging constitutional violations against a defendant named in his official capacity plead and prove (1) that the government entity had a custom or policy to violate the constitutional rights of others and (2) that the defendant had policy-making authority on behalf of the government entity:

> For plaintiffs such as Turner, however, *surmounting an appellant's immunity argument is only the first step. By framing his suit only against the Houma Board members in their "official capacity," he will have to plead and prove that the Board had a custom or policy to discriminate.* See Monell v. New York City Dep't. of Soc. Servs., 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)("[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983."). Turner, 229 F.3d at 483 n. 10.

>     *     *     *     *

> However, to be liable in one's official capacity under Section 1983, *the defendant must have been delegated policy-making authority under state law*. In essence, suing a party in his official capacity is duplicative of an action against the entity for which the official serves as an agent. McNeese v. State of Louisiana, 2006 WL 1751055, *1 (W.D. La. May 16, 2006), and Parm v. Shumate, 2006 WL 2513856, *13 (W.D. La. Apr 21, 2006)(citing Turner, 229 F.3d at 483).

3

mention of the Vaughn case or any of the cases cited in Foti's Opposition Memorandum on this point, including Supreme Court of Virginia v. Consumers Union, 100 S.Ct. 1967 (1980).

Next, plaintiffs insist they are "prevailing parties" vis-à-vis Foti since they " 'accomplished the principal goal of the lawsuit,' namely, to strike the Act down as unconstitutional." Reply Brief, p. 5 (quoting Hopwood v. State of Texas, 236 F.3d 256, 278 (5th Cir. 2000)). With all due respect, merely having the Act declared unconstitutional was not plaintiffs' goal since declaratory relief without accompanying prospective, injunctive relief would have no binding effect on the litigants. Plaintiffs cite Hopwood in support of the proposition that the entry of a declaratory judgment confers "prevailing party" status under § 1988. Reliance on Hopwood is misplaced since not only was declaratory relief issued in that case, but the plaintiffs were awarded damages as high as $40,000.

Plaintiffs cite numerous cases they claim support the proposition that an award of declaratory relief alone is sufficient to confer coveted "prevailing party" status. However, with one exception, none of the cases cited by plaintiffs were issued after the Supreme Court's landmark decision in Buckhannon Bd. v. West Virginia D.H.H.R., 121 S.Ct. 1835 (2001). More importantly, plaintiffs have failed to square Buckhannon's holding that "a judicial pronouncement that the defendant has violated the Constitution unaccompanied by *judicial* relief"[3] is insufficient to make a claimant a "prevailing party"

---

There is no indication in the record in the present case that Foti has policy-making authority on behalf of the State of Louisiana or that that it is the policy or custom of the Attorney General's Office or the State of Louisiana to violate the constitutional rights of others.

[3] Id. at 1841 (emphasis in original).

4

with their position. Similarly, they have made no attempt to explain why <u>Rhodes v. Stewart</u>, 109 S.Ct. 202, 203 (1988), does not govern the resolution of the issue.

The only case of recent vintage cited by plaintiffs is <u>Walker v. City of Mesquite</u>, 313 F.3d 246, 250 (5th Cir. 2002), which is actually more favorable to defendant's position. In <u>Walker</u>, homeowners succeeded in having a remedial order permitting the construction of a public housing project in their neighborhood declared unconstitutional, although their request for a permanent injunction was denied. In granting the homeowners' request for attorney's fees, the Fifth Circuit expressly noted that the plaintiffs obtained "the functional equivalent" of an injunction:

> The DHA argues that the Homeowners cannot be a prevailing party because our holding was not "judicial relief" for the purposes of § 1988. We find this argument to be without merit. Although the permanent injunction sought by the Homeowners was never granted, this court held, as a matter of law, that the remedial order was unconstitutional for precisely the reasons argued by the Homeowners in their request for declaratory relief. On its face, our ruling entitled the Homeowners to relief. Thus, the district court's ultimate vacation of the offending provisions of the order is the functional equivalent of an enforceable judgment for the Homeowners and against the DHA.
>
> As to the second and third requirements of the prevailing party test, there can be no doubt that the Homeowners' suit both materially altered the legal relationship between the DHA and the Homeowners and directly benefitted the Homeowners at the time of the judgment. The Homeowners suit was not only a "substantial factor" in achieving reformation of the unconstitutional order, it was arguably the only factor.
>
> \*       \*       \*       \*
>
> The Homeowners did not simply achieve a favorable statement of the law or a temporary stay, as suggested by the DHA in its brief. . . . The DHA next cites <u>Buckhannon</u> for the proposition that a party has not prevailed if it only secures the reversal of a directed verdict or a pronouncement that the defendant violated the Constitution *unaccompanied* by judicial relief. 532 U.S. at 605-06, 121 S.Ct. 1835. In fact, <u>Buckhannon</u> does indicate that fees are only appropriate when the plaintiff has received a judgment on the merits or a court-ordered consent decree. <u>Id.</u> As explained above,

5

however, the Homeowners not only secured the reversal of the declaratory judgment but also achieved a partial vacation of the remedial order and the ultimate revision of that order in the district court. Thus, our pronouncement on the constitutionality of the order was accompanied by the district court's "*judicial* relief" modifying the order. See Buckhannon, 532 U.S. at 606, 121 S.Ct. 1835 (citation omitted)(emphasis in Buckhannon); see also Hanrahan v. Hampton, 446 U.S. 754, 757, 100 S.Ct. 1987, 64 L.Ed.2d 670 (1980)(per curiam)(holding that a party can prevail on the merits of his claims in the trial court or on appeal).

The Fifth Circuit most recently applied 42 U.S.C. § 1988 in Energy Management Corp. v. City of Shreveport, 467 F.3d 471, 482-83 (5th Cir. 2006). In that case, a mineral lessee brought an action challenging the validity of a city ordinance that prevented it from drilling within 1,000 feet of a lake which served as the city's main source of water on the basis that the ordinance was preempted by state law. Agreeing with the plaintiff, the court issued declaratory relief, declaring the ordinance's drilling ban to be null, void, and without legal effect. Notwithstanding this apparent victory, the Fifth Circuit held the lessee was not a "prevailing party" entitled to attorney's fees since the lessee did not prevail on its claims for damages.

The recent jurisprudence supports defendant's position that an award of declaratory relief does not confer "prevailing party" status. See Northern Cheyenne Tribe v. Jackson, 433 F.3d 1083, 1085 (8th Cir. 2006); Forest Park II v. Hadley, 408 F.3d 1052, 1060 (8th Cir. 2005). Just last week, two federal courts noted as follows:

> A declaratory judgment . . . will constitute relief . . . if, and only if, it affects the behavior of the defendant toward the plaintiff." Rhodes v. Stewart, 488 U.S. 1, 4, 109 S.Ct. 202, 102 L.Ed.2d 1 (1988). Here Azimi can point to no "actual relief on the merits" as against Jordan's Meats. The jury declined to award any of the monetary relief that Azimi sought. Azimi did not get reinstated or attain any other type of equitable relief.
>
> Although Azimi received a declaration that Jordan's Meats had violated federal law, he has not cited to any case in which an award of attorney's

fees is based on declaratory relief alone. All of the cases that the Court has found where some measure of declaratory relief was all that a litigant achieved have denied attorney's fees. See, e.g., Rhodes, 488 U.S. at 4 (reversing attorney fee award in 42 U.S.C. § 1988 case in which court found that prison officials violated prisoners' procedural rights in denying request for magazine subscription, where only relief was in form of changed prison policies that did not benefit either plaintiff as neither were in custody at time judgment was entered); Sierra Club v. City of Little Rock, 351 F.3d 840, 845-46 (8th Cir. 2003)(district court erred in awarding attorney's fees under prevailing party provision in action under Clean Water Act to environmental group on basis of declaration that city had violated permit, as declaration and court order did not provide any relief to group or change behavior of defendant toward plaintiff); Thomas v. National Science Foundation, 330 F.3d 486, 492-94 (D.C. Cir. 2003)(partial summary judgment obtained before case was mooted by legislation could not make plaintiff prevailing party because judgment only declared unconstitutionality of tax without providing any relief to plaintiff); Bonner v. Guccione, 178 F.3d 581, 593-94 (2nd Cir.1999)(jury's finding of statutory violation but awarding no damages on Title VII cause of action did not make plaintiff prevailing party when finding did not affect behavior of defendant toward plaintiff); Pedigo v. P.A.M. Transp. Inc., 98 F.3d 396, 398 (8th Cir.1996)(reversing attorney fee award where plaintiff received no damage award and no longer worked for the defendant, making any equitable relief unavailable). Azimi can point to no effect that the judicial declaration has had on the legal relationship of the parties or on Jordan's Meats behavior toward him. Finally, the declaratory relief awarded did not achieve any of Azimi's paramount goals in bringing suit. Without any relief to enforce, Azimi cannot be considered a prevailing party.[4]

\*       \*       \*       \*

[W]e have not awarded attorney's fees where the plaintiff has . . acquired a judicial pronouncement that the defendant has violated the Constitution unaccompanied by "*judicial* relief."[5]

In the present case, plaintiffs have not obtained "judicial relief" against Foti. Simply stated, the Judgment does not alter the relationship between plaintiffs and Foti.[6]

---

[4] Azimi v. Jordan's Meats, Inc., 2007 WL 295257, \*2 (D. Me. Jan. 29, 2007).

[5] P.N. v. Seattle School Dist. No. 1, 2007 WL 210386, \*4 (9th Cir. Jan. 29, 2007)(citation omitted).

Foti is not responsible for the enforcement of the Act, and the Judgment does not alter this fact. See ESA v. Foti, 451 F.Supp.2d at 827. Accordingly, Foti is the "prevailing party," not plaintiffs.

## SUMMARY AND CONCLUSION

For the reasons set forth hereinabove, the Motion for Attorney's Fees and Costs filed on behalf of plaintiffs should be denied.

Respectfully submitted,

**CHARLES C. FOTI, JR.**
**ATTORNEY GENERAL**

BY:    s/ Scott G. Vincent
       Scott G. Vincent (#14478)
       Assistant Attorney General

Louisiana Department of Justice
Litigation Division
P.O. Box 94005
Baton Rouge, LA 70804-9005
Telephone: (225) 326-6300
Facsimile: (225) 326-6495

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 9th day of February, 2007, a copy of the above and foregoing pleading was filed electronically with the Clerk of Court by using the CM/ECF system. Notice of this filing will be sent to all parties of interest by operation of the court's electronic filing system.

s/ Scott G. Vincent

---

[6] This holds especially true since Foti never filed an answer in the case.

8