# IN THE UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

ENTERTAINMENT SOFTWARE    *
ASSOCIATION AND ENTERTAINMENT    *
MERCHANTS ASSOCIATION,    *
   *
       Plaintiffs,    *    CIVIL ACTION NO. 06-431-JJB-CN
   *
•      vs.    *
   *
CHARLES C. FOTI, JR., in his official    *    SECTION "D"
capacity as Attorney General of the State of    *
Louisiana; and DOUG MOREAU, in his    *    Judge James J. Brady
official capacity on behalf of himself as    *
District Attorney for the Parish of East    *
Baton Rouge, and on behalf of a class of    *
similarly situated individuals in their official    *
capacities,    *
   *
       Defendants.    *

## PLAINTIFFS' RESPONSE TO THE ATTORNEY GENERAL'S SURREPLY

In his surreply, the Attorney General misconstrues numerous cases and wrongly asserts

that he is not subject to fees. Plaintiffs, who are entitled to fees under a straightforward

application of 42 U.S.C. § 1988, file this short response to correct his misstatements.

*First*, the Attorney General claims that he has sovereign immunity for fees under *Hutto v.*

*Finney* and *Ex parte Young*. Surreply at 1-2. Not so: the Attorney General cites only the portion

of *Hutto* that dealt with (and upheld) an award of fees granted as part of the district court's

*contempt power*—a common law power that the Court upheld under *Ex parte Young*. Surreply at

2. What the Attorney General fails to mention is that *Hutto* went on to separately uphold an

award of fees under *§ 1988* arising from litigation in the appellate court. *See Hutto*, 437 U.S. at

693-94. The Court made crystal clear that § 1988 independently abrogates sovereign immunity.

*Id.* The Attorney General is thus simply wrong when he claims that unless an *Ex parte Young*

Dockets.Justia.

exception is available, he is entitled to sovereign immunity for fees. Instead, the Attorney General has no sovereign immunity in the first instance because Congress abrogated it under § 1988.

Similarly, the Attorney General's reliance on *Skinner v. Govorchin*, 463 F.3d 518 (6th Cir. 2006), is inexplicable. That case did not even involve a claim for attorneys' fees but instead concerned a suit for *damages*. *Id.* at 524. It is uncontested that sovereign immunity bars a suit for damages under § 1983 (and Plaintiffs have not sought damages), but it is equally clear under *Hutto* that § 1988 allows attorneys' fees connected with an award of declaratory or injunctive relief.

*Second*, the Attorney General's claim that he has absolute immunity rests on a "confusion about the distinction between personal- and official-capacity suits." *Hafer v. Melo*, 502 U.S. 21, 25 (1991) (citing *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). Plaintiffs have sued the Attorney General in his official capacity: under the clear precedents of the Supreme Court and the Fifth Circuit he therefore lacks any personal defenses, such as absolute immunity for prosecutorial enforcement. *See, e.g., Graham*, 473 U.S. at 166-67 (listing prosecutorial "absolute immunity" as a personal defense that is "unavailable" in an official capacity action); *Burge v. Parish of St. Tammany*, 187 F.3d 452, 467 (5th Cir. 1999) ("[T]he district court erred in granting summary judgment for the District Attorney in *his official capacity* on the basis of absolute prosecutorial immunity *because that form of personal or individual immunity is not available in an official capacity suit.*") (emphasis added); *Turner v. Houma Mun. Bd.*, 229 F.3d 478, 483 (5th Cir. 2000) ("[D]efenses such as absolute quasi-judicial immunity, that only protect

defendants in their individual capacities, *are unavailable in official-capacity suits*.") (emphasis added).[1]

The point is driven home by the fact that the case the Attorney General cites in response, *Vaughn v. St. Helena Parish Police Jury*, did not specify whether it was brought as a personal capacity or an official capacity suit, making its discussion of immunity appropriate. Moreover, while the case upheld *legislative immunity*, it specifically preserved the right of the plaintiff to seek attorneys' fees for obtaining "*declaratory* or injunctive" relief against the defendant in his "*enforcement*" capacity – the very type of relief at issue here. 192 F. Supp. 2d 562, 576-77 (M.D. La. 2001) (emphasis added).[2]

*Third*, the Attorney General's claim that he is the prevailing party is belied by what he does not say. All parties agree that *Buckhannon* provides the relevant legal standard. But while the Attorney General claims that he has prevailed, he ignores the fact that as a result of the declaratory relief they obtained against him, *the Attorney General may no longer enforce the Act*. Reply at 3. The Attorney General does not and cannot deny that -- absent the declaration -- he would have been able to enforce the Act by seeking leave from the courts to prosecute, and that he can no longer do so. In the language of *Buckhannon*, the declaration "create[s] the 'material

---

[1] The Attorney General tries to distinguish *Turner* because the plaintiff there was also required to prove that the violation was a matter of "custom or policy." Surreply at 3. That requirement was due entirely to the fact that the plaintiff had sued a municipal body, rather than a state official. *Turner*, 229 F.3d at 483 n.10 (citing *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). It is blackletter law that *Monell*'s requirements are inapposite to claims against a state defendant.

[2] The Attorney General also claims that *Supreme Court of Virginia v. Consumers Union*, 446 U.S. 719 (1980) supports his claim of absolute immunity in this official capacity suit. That is plainly not the case: like *Vaughn*, it upheld only legislative immunity and allowed the suit (with the potential for fees) to go forward against the officers in their enforcement capacity. 446 U.S. at 737. Moreover, *Consumers Union*'s relevance is undercut by the fact that it involved both personal and official capacity claims, and because the Supreme Court subsequently made clear in *Graham* and *Hafer* that personal immunity defenses cannot be raised in an official capacity suit.

alteration of the legal relationship of the parties' necessary to permit an award of attorney's fees." *Buckhannon*, 532 U.S. at 605 (quoting *Texas State Teachers Ass'n v. Garland Independent School Dist.*, 489 U.S. 782, 792 (1989)).

The rest of the Attorney General's arguments amount to red herrings. The Attorney General claims that Plaintiffs have not distinguished *Rhodes v. Stewart*. Surreply at 4. But Plaintiffs' reply clearly explained that in *Rhodes* the declaration against prison officials was inadequate to support fees because one of the plaintiffs had already been released from prison, and the other one had died. Reply at 5-6. Although those plaintiffs could not benefit from their declaration, the Plaintiffs in this case indisputably will benefit from theirs. The Attorney General then claims that *Walker v. City of Mesquite* supports his position because the Fifth Circuit found there that the declaration the plaintiffs obtained functioned in many ways like an injunction. Surreply at 4. That hardly distinguishes *Walker*, for that is precisely how this Court's declaration acts in preventing the Attorney General from using his undisputed powers of enforcement.

Finally, the Attorney General's citation to *Energy Management Corp. v. City of Shreveport* is off-point. While it is true that the plaintiffs were denied fees under § 1988 in that case, that is not surprising because their only successful claim was that the challenged enactment was preempted by *state law*. 467 F.3d at 482-83. Violations of state law do not give rise to a claim under §1983, and thus do not give rise to fees under § 1988. And as for the other non-Fifth Circuit cases that the Attorney General cites, they are all distinguishable because they involved claims where the declaratory judgment did not actually provide relief for the parties. Plaintiffs, in contrast, meet *Buckhannon*'s pragmatic test: because the declaration means that the Attorney

General may no longer seek leave to enforce the Act, it constitutes judicial relief that changes the relationship between the parties, and is grounds for awarding Plaintiffs fees.

Respectfully submitted,

James A. Brown, T.A. (Bar #14101)
George Denegre, Jr. (Bar #8387)
LISKOW & LEWIS
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, LA 70139-5099
Telephone:     (504) 581-7979
Facsimile:     (504) 556-4108

and

Paul M. Smith
Katherine A. Fallow
Matthew S. Hellman
JENNER & BLOCK LLP
601 13th Street, NW, Suite 1200
Washington, DC 20005
Telephone:     (202) 639-6000
Facsimile:     (202) 639-6066

Attorneys for Entertainment Software Association
and Entertainment Merchants Association

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing pleading has been served upon all counsel of record by placing same in the United States mail, properly addressed and postage prepaid, this 12 day of February, 2007.

655757_1